[No. 47792-7-I.   Division One.   March 4, 2002.]

SALVADOR A. CORONA, *Appellant*, v. THE BOEING COMPANY, *Respondent*.

*Salvador Corona*, pro se.

*Nancy Thygesen Day (of Vandeberg Johnson & Gandara)*; *Christine O. Gregoire, Attorney General, Jean M. Wilkinson* and *John R. Wasberg, Assistants*, and *Meredith W. Morton, Senior Counsel*, for respondent.

PER CURIAM — Salvador Corona was denied industrial insurance benefits. He pursued his claim through the administrative level and eventually appealed the denial of benefits to the superior court. That court dismissed his appeal for lack of subject matter jurisdiction. Corona appeals the dismissal, and we affirm.

## FACTS

On December 2, 1996, Corona filed a claim for industrial insurance benefits with the Department of Labor and Industries, alleging an industrial injury incurred while in

the course of his employment with The Boeing Company. The Department denied the claim by order dated January 10, 1997. Corona filed a protest of the Department's order and, by order dated April 22, 1997, the Department affirmed its January 10 order.

On June 21, 1997, Corona appealed the Department's order to the Board of Industrial Insurance Appeals. After hearings, the Board issued a proposed decision and order, dated November 30, 1999, affirming the Department's denial of Corona's claim. Attached to the proposed decision was a "Notice to Parties" that outlined the procedure, including time requirements, for requesting the Board to review the case. The notice states that, in order to request review by the Board, the claimant must file a petition for review with the Board within 20 days of receipt of the proposed decision by either the claimant or his or her representative or attorney. The notice also provides that a claimant may request an extension of time to file the petition for review by submitting a written request, with reasons, within the 20-day time period. Also, the notice states:

> If a Petition for Review is not filed by any party within the time allowed, or such further time as the Board may direct in granting an extension request, the Proposed Decision and Order of the Industrial Appeals Judge will be adopted by the Board as the final Decision and Order of the Board and no further appeal may be taken to the courts.[1]

On December 30, 1999, the Board received Corona's request for a 45-day extension of time to file a petition for review. On January 5, 2000, the Board granted Corona a 30-day extension, thereby extending the time for filing his petition for review to February 1, 2000.

On February 9, 2000, the Board received Corona's petition for review. The envelope in which the petition for review was mailed bears a United States Postal Service postmark of February 7, 2000. The envelope also bears a

---

[1] Clerk's Papers at 129.

private postage meter stamp with a date of February 1, 2000.

On February 9, 2000, the Board issued an order adopting the proposed decision and order as the decision of the Board. Corona filed a motion to vacate the Board's order, which the Board received on March 2, 2000. On August 1, 2000, the Board issued an order denying the motion to vacate and adopting the proposed decision and order. The order states that one of the members of the Board decided to recuse herself from the appeal because she had personal knowledge of the facts surrounding Corona's claim for benefits, gained from her employment at Boeing. The Board was thereby reduced to two members. These two members disagreed about whether to grant Corona's motion to vacate. The two members determined that the situation—one member in favor of granting the motion and one in favor of denying it—was analogous to the situation when a majority of the Board is unable to agree on the disposition of a matter. Accordingly, the Board adopted the procedure utilized in such a situation and allowed the prior order to stand. Thus, the order concluded, the proposed decision and order remained as the Board's adopted final order.

On August 18, 2000, Corona filed a notice of appeal of the Board's decision with the superior court. Corona served the notice of appeal on Boeing, counsel for Boeing, and the Board by mail on September 11, 2000.

Boeing moved to dismiss Corona's appeal on the ground that the superior court lacked subject matter jurisdiction. Corona responded by filing a motion to quash Boeing's motion to dismiss and a "motion to strike" Boeing's counsel. By two orders dated December 1, 2000, the superior court denied Corona's motions to quash and strike and dismissed Corona's appeal with prejudice under CR 12(b)(1) for lack of subject matter jurisdiction. Corona filed a notice of appeal with this court on December 12, 2000.

## DISCUSSION

The superior court found two bases for its conclusion that it lacked subject matter jurisdiction: Corona's failure to file his petition for review with the Board within the time allowed by the Board as required by RCW 51.52.104 and Corona's failure to serve Boeing, the Department, and the Board with the notice of appeal within 30 days of the Board's decision as required by RCW 51.52.110. We find that the Superior Court was correct in determining that it lacked subject matter jurisdiction on both grounds.

*Standard of Review*

■ Where, as here, no facts are in issue, we conduct a de novo review of a trial court's dismissal of an action under CR 12(b)(1) for lack of subject matter jurisdiction.[2]

*RCW 51.52.104*

■ RCW 51.52.104 sets forth the requirements for filing a petition for review of a proposed decision and order of the Board. It provides, in relevant part:

> Within twenty days, or such further time as the board may allow on written application of a party, filed within said twenty days from the date of communication of the proposed decision and order to the parties or their attorneys or representatives of record, any party may file with the board a written petition for review of the same. Filing of a petition for review is perfected by mailing or personally delivering the petition to the board's office in Olympia. . . .

> In the event no petition for review is filed as provided herein by any party, the proposed decision and order of the industrial appeals judge shall be adopted by the board and become the decision and order of the board, and no appeal may be taken therefrom to the courts. If an order adopting the proposed decision and order is not formally signed by the board on the day following the date the petition for review of the proposed decision and order is due, said proposed decision and order shall be deemed adopted by the board and become the decision

---

[2] *Wells v. Olsten Corp.*, 104 Wn. App. 135, 139, 15 P.3d 652 (2001).

and order of the board, and no appeal may be taken therefrom to the courts.[3]

The Board extended the due date for Corona's petition for review until February 1, 2000. According to the United States Postal Service's postmark on the envelope in which Corona's petition for review was mailed, Corona mailed it on February 7, 2000. This was not timely and, pursuant to RCW 51.52.104, the Board properly adopted the proposed decision and order from which no appeal could be taken.

The fact that a private postmark on the envelope in which Corona's petition for review was mailed states February 1, 2000, does not change our conclusion that the petition for review was not timely filed. Under the Board's regulations, "[t]he filing of a written communication with the board is perfected by mail when the written communication is deposited in the United States mail."[4] Further, "[u]nless evidence is presented to the contrary, the date of the United States postal service postmark shall be presumed to be the date the written communication was mailed to the board."[5] The private postage meter stamp is not "evidence to the contrary" to overcome the presumption that the United States Postal Service postmark is the date Corona's petition for review was mailed to the Board. The private postmark is nothing more than evidence that the postage was applied to the envelope on February 1. It is not evidence that the envelope was placed in the United States mail. It is entirely conceivable that postage can be applied to an envelope by using a private postage meter on one day, but that the letter is not deposited in the mail until a later day. Indeed, a private postage meter stamp can be applied to an envelope any number of days before that envelope is deposited in the mail. By contrast, a United States Postal Service mark cannot be applied to an envelope until that envelope is actually placed into the United States mail. Accordingly,

[3] RCW 51.52.104.

[4] WAC 263-12-01501(1)(b)(ii).

[5] *Id.*

only a United States Postal Service postmark can be evidence of when an envelope was mailed. The statute, RCW 51.52.104, provides that filing of a petition for review is perfected by mailing the petition to the Board's office. Here, the evidence shows that Corona's petition for review of the proposed decision and order was mailed on February 7, 2000, beyond the due date as established by the Board upon Corona's request for an extension of time. Accordingly, the petition for review was not timely filed and the Board properly adopted the proposed decision and order as its final order. Pursuant to the statute, when the Board adopts the proposed decision and order because no petition for review is timely filed, "no appeal may be taken therefrom to the courts."[6] Accordingly, the Superior Court was without subject matter jurisdiction to hear Corona's appeal and did not err by dismissing the appeal on that ground.[7]

*RCW 51.52.110*

■ As an alternative ground for concluding that it lacked subject matter jurisdiction over Corona's appeal, the superior court concluded that Corona failed to serve Boeing, the Department, and the Board with his notice of appeal within the time required by RCW 51.52.110. That statute provides that a claimant may appeal a decision of the Board to the superior court

[w]ithin thirty days after a decision of the board to deny the petition or petitions for review upon such appeal has been communicated to such worker, beneficiary, employer or other person, or within thirty days after the final decision and order of the board upon such appeal has been communicated to such

---

[6] RCW 51.52.104.

[7] Another regulation provides that if, after the Board enters an order adopting the proposed decision and order, the Board receives a petition for review that bears evidence of mailing within the time permitted, the Board will set aside the order adopting the proposed decision and order and will consider the petition for review as one timely filed. WAC 263-12-150(4). That section is not applicable here because, as discussed, the private postage meter stamp is not sufficient evidence that Corona's petition for review was timely mailed.

worker, beneficiary, employer or other person, or within thirty days after the appeal is denied as herein provided. . . .[8]

The statute further provides:

Such appeal shall be perfected by filing with the clerk of the court a notice of appeal and by serving a copy thereof by mail, or personally, on the director and on the board. If the case is one involving a self-insurer, a copy of the notice of appeal shall also be served by mail, or personally, on such self-insurer.[9]

Although this perfection provision does not explicitly require that a party both file and serve the notice of appeal within a specific time, "cases interpreting RCW 51.52.110 hold that in order to invoke the jurisdiction of the superior court an appealing party must file *and* serve notice within the 30-day appeal period."[10] Substantial compliance with this statute is sufficient to invoke the superior court's jurisdiction.[11] A party substantially complies with RCW 51.52.110 if:

"(1) the director received actual notice of appeal to the superior court *or* (2) the notice of appeal was served in a manner reasonably calculated to give notice to the Director."[12]

Noncompliance with the statute is not substantial compliance.[13]

▆ Here, it is not disputed that Corona did not serve the Department, the Board, or Boeing with the notice of appeal within 30 days of receiving the Board's decision of August 1, 2000. The record shows he mailed the notice of appeal to Boeing, Boeing's counsel, and the Board on September 11, 2000. There is no evidence that the Director of the Department received actual notice of Corona's appeal within the

---

[8] RCW 51.52.110.

[9] *Id.*

[10] *Fay v. N.W. Airlines*, 115 Wn.2d 194, 198, 796 P.2d 412 (1990).

[11] *Black v. Dep't of Labor & Indus.*, 131 Wn.2d 547, 933 P.2d 1025 (1997); *In re Saltis*, 94 Wn.2d 889, 895-96, 621 P.2d 716 (1980).

[12] *Black*, 131 Wn.2d at 553 (quoting *Saltis*, 94 Wn.2d at 896).

[13] *Crosby v. Spokane County*, 137 Wn.2d 296, 302, 971 P.2d 32 (1999).

30-day time period or that the notice of appeal was served in a manner reasonably calculated to give the Director notice within this period. Indeed, the record shows that Corona made no attempt to serve the notice of appeal on any party until September 11, beyond the 30-day filing and service period. This is noncompliance. Because Corona did not substantially comply with RCW 51.52.110, the trial court was correct in dismissing his appeal for lack of subject matter jurisdiction.[14]

## CONCLUSION

We affirm the superior court's order dismissing Corona's appeal for lack of subject matter jurisdiction.

---

[14] Although Boeing does not argue this, we note that Corona's certificate of service does not indicate that he served his notice of appeal on the Department. This alone constitutes noncompliance with RCW 51.52.110 and deprived the superior court of subject matter jurisdiction. *See Fay,* 115 Wn.2d at 199.