[No. 2078–3.   Division Three.   February 16, 1978.]

MILTON S. JONES, ET AL, *Respondents,* v. CANYON RANCH ASSOCIATES, ET AL, *Appellants.*

*Frank T. Kuntz,* for appellants.

*J. R. Sherrard* and *Sherrard & McGonagle,* for respondents.

GREEN, J.—Defendants appeal from a refusal to vacate a default judgment.

The sole issue is whether the trial court manifestly abused its discretion.

The record supports the following factual statement:

December 1972—The parties entered into a real estate contract to purchase land in Ferry County for $15,000. A down payment of $6,000 was made.

January 7, 1974—The real estate contract was recorded.

February 1975—The first amended complaint was filed seeking, among other things, (1) return of the down payment, and (2) a $1,500 penalty pursuant to the earnest money agreement for defendants' failure to perform. A second amended complaint was filed seeking, among other things, (1) reformation of the real estate contract to make the closing date July 25, 1974, (2) $1,500 penalty pursuant to the earnest money agreement, and (3) $5,000 for loss of plaintiffs' ability to sell the property caused by defendants' delay in closing.

April 10, 1975—Plaintiffs moved for default.

May 1, 1975—Defendants answered and counterclaimed alleging plaintiffs' default on the real estate contract.

June 23, 1975—Plaintiffs sought the production of (1) documents relative to disbursement of the down payment, and (2) copies of the earnest money and escrow agreements. Certain interrogatories were also propounded by plaintiffs; however, no copy of them has been transmitted to this court in the clerk's papers.

July 21, 1975—Plaintiffs moved to compel answers to interrogatories or alternatively for default judgment.

August 29, 1975—An order of default was entered. Contained in the order was a notice that should defendants fail to comply with plaintiffs' request for discovery by September 22, judgment as prayed for in the second amended complaint would be granted.

September 22, 1975—Defendants filed an answer to an interrogatory and produced photocopies of defendants' billing card.

September 29, 1975—Plaintiffs moved for default judgment contending defendants answered plaintiffs' December 1974 interrogatory but failed to answer the interrogatories and request for production propounded in June 1975.

October 6, 1975—Findings of fact, conclusions of law and judgment were entered which, among other things, (1) reformed the real estate contract as to the closing date, and (2) awarded plaintiff (a) $1,500 liquidated damages for defendants' failure to perform according to the earnest money agreement, and (b) $5,000 for plaintiffs' loss of profit on the sale of the property.

April 19, 1976—A writ of execution was issued.

June 11, 1976—Sheriff's sale of defendants' interest in the property conveyed.

July 12, 1976—Defendants moved to vacate the default judgment alleging CR 60(b)(1) grounds.

August 3, 1976—An order confirming the sheriff's sale was filed.

■ *Beckett v. Cosby*, 73 Wn.2d 825, 827–28, 440 P.2d 831 (1968), succinctly states the principles governing CR 60(b)(1) motions:

> [T]he court's first concern in ruling on such a motion for vacation of a default judgment, which is based on excusable neglect, is whether a showing has been made as to the existence of a meritorious defense. One seeking the vacation of a default judgment must allege and prove facts which constitute a prima facie defense to the action. The prime concern of the courts is to do justice, and where an injustice would result from a technical failure and the moving party is able to demonstrate a meritorious defense, the court is justified in vacating the default judgment. However, the rules may not be willfully disregarded with impunity. The more conclusively such defense can be shown, the more readily the court will vacate the default judgment.

(Citations omitted.)

The only reasons urged in this court[1] by defendants for vacation of the judgment are: (a) that the production of the ledger card showing money received and disbursed, together with the check numbers and dates of disbursements constituted substantial compliance with the court's order of August 29 compelling production, or (b) that if such was not sufficient compliance, then judgment as to defendants' liability would have been ample punishment and the matter should have been set for trial on damages for the failure to perform according to the earnest money agreement and for plaintiffs' loss of profit on a potential sale of property. *Mitchell v. Watson,* 58 Wn.2d 206, 361 P.2d 744 (1961).

While such argument does not constitute a meritorious defense to the claims of plaintiffs,[2] *see White v. Holm,* 73 Wn.2d 348, 352–53, 438 P.2d 581 (1968), it may have been persuasive on appeal from the entry of the default judgment; however, the defendants did not timely seek review of that judgment, *i.e.,* 30 days after its entry. RAP 5.2(a). For us to consider defendants' contention now would require us to disregard RAP 2.4(c) because the notice does not designate the judgment now sought to be reviewed. Additionally, defendants have neither sought an extension of the time period for filing a notice of appeal from the original judgment pursuant to RAP 18.8(b), nor shown extraordinary circumstances or a gross miscarriage of justice so as to warrant a favorable disposition of such motion should one have been made.

---

[1] We do not know what argument was made to the trial court since there is no report of proceedings before us.

[2] Under CR 60(b)(1)'s predecessor, an "error of law" was not a ground for a vacation of judgment, *see Marie's Blue Cheese Dressing, Inc. v. Andre's Better Foods, Inc.,* 68 Wn.2d 756, 415 P.2d 501 (1966); however, this approach is not universally accepted in the various federal circuits. *See* 7 J. Moore, Fed. Prac. § 60.22[3], at 263 (1971).

We find no abuse of discretion and the order confirming the sheriff's sale is affirmed.

MUNSON, C.J., and McINTURFF, J., concur.