[No. 5818–2–III.   Division Three.   March 29, 1984.]

WILLIAM A. PATTERSON, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*.

*Madison R. Jones III*, for appellant.

*Kenneth O. Eikenberry, Attorney General*, and *John D. Fairley, Assistant*, for respondent.

THOMPSON, J.—This case involves an appeal to the Superior Court of a decision of the Department of Labor and Industries.

Appellant William Patterson suffered a knee injury while working for the Kraft Company at its plant in Prosser,

Washington. At the time of the injury, he resided in Prosser, which is in Benton County. Mr. Patterson sought industrial insurance benefits and the Department of Labor and Industries awarded him 25 percent permanent partial disability for the amputation value of the right leg at the knee.

He then sought review of this decision by the Board of Industrial Insurance Appeals, claiming total disability. After the Board took testimony in several counties, including Mr. Patterson's testimony in Walla Walla County, the Board sustained the Department's award and declined further review on April 16, 1980.

Mr. Patterson appealed the Board's decision to the Walla Walla County Superior Court. The Department then moved to dismiss for lack of jurisdiction, and the motion was granted. Mr. Patterson sought review by the Supreme Court, which transferred the appeal to this division.

The sole issue is whether the failure of an industrial insurance claimant to file his appeal in the county designated by the statute deprives the Superior Court of jurisdiction.

█ RCW 51.52.110,[1] as it was in effect at the time appeal was initiated to the Superior Court (Laws of 1977, 1st Ex. Sess., ch. 350, § 80, p. 1555), provided:

> In cases involving injured workers such appeal *shall be to the superior court of the county of residence* of the worker or beneficiary, as shown by the department's records, *or to the superior court of the county wherein the injury occurred* or where neither the county of residence nor the county wherein the injury occurred are in the state of Washington then the appeal may be directed to the superior court for Thurston county.

(Italics ours.) Mr. Patterson did not comply with this statute. The statute requires the appeal be brought in Benton County, the county where the injury occurred and where Mr. Patterson resided. This requirement is jurisdictional

---

[1] The pertinent portion of the current statute is substantially the same as the former version.

and cannot be waived. *Fletcher v. Department of Labor & Indus.*, 20 Wn. App. 865, 582 P.2d 578 (1978); *cf. Wiles v. Department of Labor & Indus.*, 34 Wn.2d 714, 209 P.2d 462 (1949) (existence of a final order of joint board a jurisdictional prerequisite to superior court appeal).

Mr. Patterson contends *In re Saltis*, 94 Wn.2d 889, 621 P.2d 716 (1980) overruled *Fletcher* and adopted substantial compliance as the applicable test. He further argues that he has met the test requirements in that he filed his appeal in Walla Walla County where his testimony was taken.

> Substantial compliance has been defined as actual compliance in respect to the substance essential to every reasonable objective of the statute. It means a court should determine whether the statute has been followed sufficiently so as to carry out the intent for which the statute was adopted. What constitutes substantial compliance with a statute is a matter depending on the facts of each particular case.

(Citations omitted.) *In re Santore*, 28 Wn. App. 319, 327, 623 P.2d 702 (1981).

*Saltis* addressed service requirements for notice of appeal. RCW 51.52.110. It held that proper service occurs if (1) the director of the Department of Labor and Industries received actual notice of appeal to the superior court, or (2) the notice was served in a manner reasonably calculated to give notice to the director. The court further found appellant Saltis had acted in a manner reasonably calculated to give notice to the director; that Saltis had sufficiently followed the statute so as to carry out its intent. Here, Mr. Patterson did not act in a manner calculated to comply with the statute. He filed notice of appeal in the wrong county. To hold that Mr. Patterson's filing was substantial compliance would result in the case being tried in a county other than that designated by the Legislature. Filing notice of appeal in the wrong county will not fulfill the objective of the statute as though there had been complete and literal compliance. The cases of *In re Indian Trail Trunk Sewer Sys.*, 35 Wn. App. 212, 666 P.2d 378 (1983) and

*Fisher Bros. Corp. v. Des Moines Sewer Dist.,* 97 Wn.2d 227, 643 P.2d 436 (1982) are likewise distinguishable. In each of those cases, it was held that the spirit of the procedural or jurisdictional requirement was satisfied. In this case, we have determined it was not. The Superior Court properly dismissed for lack of jurisdiction.

Affirmed.

MUNSON, C.J., and GREEN, J., concur.

Reconsideration denied April 24, 1984.

Review denied by Supreme Court June 22, 1984.