[No. 9801-0-III.   Division Three.   November 9, 1989.]

TIMOTHY GRAVES, *Appellant*, v. VAAGEN BROTHERS LUMBER, INC., *Respondent*.

*Robyn L. Pugsley* and *Stiley & Associates, P.S.,* for appellant.

*Edgar Annan* and *Lukins & Annis, P.S.,* for respondent.

SHIELDS, J.—The Superior Court dismissed Timothy Graves' appeal from the Board of Industrial Insurance Appeals for failure to file a notice of appeal with the clerk of the court within 30 days as per RCW 51.52.110. Mr. Graves appeals; we reverse and remand.

The underlying action concerns Mr. Graves' workers' compensation claim relating to an April 1, 1984, industrial injury. On June 6, 1988, in a split decision, the Board of Industrial Insurance Appeals ruled against Mr. Graves and in favor of his employer, Vaagen Brothers Lumber, Inc. On June 16, 1988, Mr. Graves mailed a notice of appeal to Vaagen Brothers, the Board of Industrial Insurance Appeals, the Director of the Department of Labor and Industries, and the Ferry County Superior Court Clerk's office. The Board of Industrial Insurance Appeals received its copy of the notice by June 20, 1988, and Vaagen Brothers received its copy by June 24, 1988. The original of the notice of appeal was never received by the Ferry County Superior Court Clerk's office. Upon discovery of this fact, a second copy of the notice was mailed. The clerk's office filed the second notice on July 28, 1988. Vaagen Brothers filed a motion to dismiss for lack of subject matter jurisdiction. The Superior Court found that Mr. Graves had mailed the notice on June 16, 1988, 6 days after the decision and order was communicated to him, but granted Vaagen Brothers' motion to dismiss for lack of subject matter jurisdiction because the notice of appeal was not timely filed pursuant to RCW 51.52.110.

The sole issue is whether the trial court erred in dismissing the case because the notice of appeal, though mailed to the correct county court clerk's office well within the 30 days set for filing an appeal, was not filed with the court within 30 days. RCW 51.52.110 reads in part:

Within thirty days after a decision of the board . . . such worker . . . or other person aggrieved by the decision . . . may appeal to the superior court. *If such worker,* beneficiary, employer, or other person *fails to file with the superior court its appeal* as provided in this section within said thirty days, *the decision of the board* to deny the petition or petitions for

review or the final decision and order of the board *shall become final.*

> . . . *Such appeal shall be perfected by filing* with the clerk of the court a notice of appeal *and by serving* a copy thereof by mail, or personally, on the director and on the board.

(Italics ours.) Vaagen Brothers does not assign error to the court's finding of fact that Mr. Graves mailed his notice of appeal to the Ferry County Superior Court Clerk on June 16, 1988; consequently, such finding is accepted as a verity on appeal. *Finley v. Curley,* 54 Wn. App. 548, 555, 774 P.2d 542 (1989). Vaagen Brothers also does not dispute the fact that it, and the Board of Industrial Insurance Appeals, received notice well within the 30-day time limitation.

Vaagen Brothers cites *Clark v. Selah Sch. Dist. 119,* 53 Wn. App. 832, 770 P.2d 1062, *review denied,* 113 Wn.2d 1003 (1989); *State v. Cline,* 21 Wn. App. 720, 586 P.2d 545 (1978); and *Jones v. Canyon Ranch Assocs.,* 19 Wn. App. 271, 574 P.2d 1216 (1978) for the proposition that in order to vest appellant's jurisdiction in the superior court, notice of appeal must be filed within 30 days. However, *Clark, Cline,* and *Jones* differ from the case at bar in that those cases involve situations in which no attempt to meet appeal time limits was made until well after the statutory period had expired. Likewise, Vaagen Brothers' reliance on *Skagit Motel v. Department of Labor & Indus.,* 107 Wn.2d 856, 734 P.2d 478 (1987) and *Patterson v. Department of Labor & Indus.,* 37 Wn. App. 196, 678 P.2d 1262, *review denied,* 101 Wn.2d 1025 (1984) is not dispositive, because they involve situations in which the notice was sent to the wrong county. That is not the case here. Vaagen Brothers also relies on *Lidke v. Brandt,* 21 Wn.2d 137, 150 P.2d 399 (1944); *Rybarczyk v. Department of Labor & Indus.,* 24 Wn. App. 591, 602 P.2d 724 (1979), *review denied,* 93 Wn.2d 1010 (1980); and *Smith v. Department of Labor & Indus.,* 23 Wn. App. 516, 596 P.2d 296 (1979). However, those cases involve improper service of notice. In this case, there is no question the notice of appeal was timely mailed

to the proper county, and all parties were served with the notice well within 30 days.

Vaagen Brothers next cites *MacVeigh v. Division of Unemployment Comp.*, 19 Wn.2d 383, 385, 142 P.2d 900 (1943), which stated, "the superior court obtains no jurisdiction to review an order of the division unless the steps prescribed by the statute have been followed." In *MacVeigh*, the employee attempted to appeal from a decision by the Unemployment Compensation Division. She mailed her notice of appeal in a timely manner, but it apparently was never received by the court and therefore was not timely filed. Consequently, the Supreme Court held the superior court lacked jurisdiction. In subsequent cases, *MacVeigh* has been sharply criticized. In *In re Saltis*, 94 Wn.2d 889, 895, 621 P.2d 716 (1980) (actual notice of appeal by the Director sufficient under RCW 51.52.110), the court warned against "slavish adherence to the precedent" which cases like *MacVeigh* represent. In *Vasquez v. Department of Labor & Indus.*, 44 Wn. App. 379, 383, 722 P.2d 854 (1986) (service by mail of notice of appeal under RCW 51.52.110 is complete upon deposit in mail), we stated,

> Because "'delay and even the loss of lawsuits [should not be] occasioned by unnecessarily complex and vagrant procedural technicalities'" [quoting from *Saltis*, at 896], substantial compliance with procedural rules is sufficient to invoke the general as well as the RCW 51.52.110 appellate jurisdiction of the superior court.

Again, in *Spokane Cy. v. Utilities & Transp. Comm'n*, 47 Wn. App. 827, 830, 737 P.2d 1022 (1987) (service of notice on assistant attorney general assigned to Washington Utilities and Transportation Commission was not substantial compliance), we reiterated: "[S]ubstantial compliance with statutory provisions is all that is necessary to invoke this form of appellate jurisdiction."

Vaagen Brothers next argues *Vasquez* and *Saltis* carve out an exception which allows substantial compliance with a procedural rule for giving notice to other parties of the

appeal, but do not indicate the exception applies to a statutory jurisdictional requirement for filing the notice. This overlooks the fact that to perfect an appeal, RCW 51.52.110 requires the notice must both be filed with the appropriate superior court and be served on others. *Smith v. Department of Labor & Indus., supra* at 517–18, recognized that two jurisdictional steps must be completed in order to confer appellate jurisdiction on the superior court: (1) the notice must be filed and (2) it must be properly served. *Vasquez* and *Saltis* indicate our court's leniency toward the second of those two steps for invoking appellate jurisdiction; we do not find convincing Vaagen Brothers' argument that leniency toward the first step should not be tolerated. *See also Fisher Bros. Corp. v. Des Moines Sewer Dist.,* 97 Wn.2d 227, 230, 643 P.2d 436 (1982), in which the court again recognized the application of the doctrine of "substantial compliance" to jurisdictional statutes.

Other cases also indicate the general trend toward leniency concerning compliance with the necessary steps for invoking appellate jurisdiction. In *Moore v. Burdman,* 84 Wn.2d 408, 413–14, 526 P.2d 893 (1974), the court stated:

> [A] party should not be denied the right of appellate review if he mails his notice of appeal or petition for writ in time to reach the appellate court, in the ordinary course of the mails, within the time specified by court rule or statute, but the notice or petition arrives late because of postal delay.

In his concurring opinion in *Vasquez,* at 386–88, Judge McInturff suggests that when interpreting the jurisdictional requirements of RCW 51.52.110, the Rules of Appellate Procedure for invoking appellate jurisdiction are most analogous. *First Fed. Sav. & Loan Ass'n v. Ekanger,* 22 Wn. App. 938, 944, 593 P.2d 170 (1979), *aff'd,* 93 Wn.2d 777, 613 P.2d 129 (1980) quoted the language of RAP 1.2(a)[1] and stated, "It is apparent that the trend of the law

---

[1]RAP 1.2(a) states:

"These rules will be liberally interpreted to promote justice and facilitate the decision of cases on the merits. Cases and issues will not be determined on the basis of compliance or noncompliance with these rules . . ."

in this state is to interpret rules and statutes to reach the substance of matters so that it prevails over form." (Footnote omitted.)

Finally, Vaagen Brothers cites *Malott v. Randall,* 83 Wn.2d 259, 517 P.2d 605 (1974), in which a judgment was signed by the trial judge in the presence of all counsel and handed to the deputy clerk. The deputy failed to take the judgment to the clerk's office to be filed and, instead, placed it in his desk drawer. The court held that the clerk's possession of the judgment did not constitute "filing", because filing was not complete until the judgment was entered upon the records of the court under CR 58. Vaagen Brothers suggests that, as in *Malott,* a strict and technical reading of the filing requirement should be applied in this case. However, Vaagen Brothers fails to note the policy reason behind the holding in *Malott.* The court in *Malott* reasoned the judgment was not filed with the court until it was discovered in the clerk's desk drawer and entered over a month later, thus giving appellant 30 days from the latter date to file his notice of appeal. *Malott,* at 263, reasoned:

> Our holding is a very narrow one confined to the facts which hopefully are unique and unlikely to occur again. Yet, if we held otherwise, this litigant would be deprived of his right to appeal because of an unfortunate set of misadventures which merely reflect the fact that human beings conduct the daily routines of the administration of justice.
>
> We believe that CR 58 can be rationally interpreted to mean that the judgment must be placed physically in the office of the clerk before the time for appeal begins to run. A holding to the contrary in this case would violate the spirit of CR 1 which provides that the rules shall be construed to secure the *just* determination of every action.

■ As in *Malott,* our holding here is a very narrow one, limited to invocation of appellate jurisdiction and confined to the facts in this case: the notice of appeal was mailed well within the 30-day limitation, it was addressed to the correct county, and all parties received the notice within that 30 days. Under this set of facts, there is no prejudice. Given the current trend in this state to interpret statutory

jurisdictional requirements for invoking appellate jurisdiction liberally so as to promote justice, we hold that Mr. Graves' filing was in substantial compliance with the first step and in compliance with the second step requirements of the statute.

Because this appeal is not without merit, and because Vaagen Brothers is not the prevailing party in this appeal, its request for attorney fees is denied.

The judgment of the Superior Court is reversed and the cause of action remanded.

THOMPSON, C.J., and GREEN, J., concur.