[No. 28744-3-I. Division One. December 7, 1992.]

THOMAS T. PETTA, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant.*

---

*Kenneth O. Eikenberry, Attorney General,* and *John R. Wasberg, Assistant,* for appellant.

*Todd R. Renda,* for respondent.

AGID, J. — The Department of Labor and Industries appeals the trial court's denial of its motion for summary judgment and argues that the court lacked subject matter jurisdiction based on Petta's failure to perfect his appeal in the manner prescribed by RCW 51.52.110. We reverse.

On May 8, 1990, Thomas T. Petta filed a notice in the King County Superior Court appealing the April 23, 1990, decision and order entered by the Board of Industrial Insurance Appeals (Board) affirming an order of the Department of Labor and Industries (Department) dated May 20, 1988. Petta's attorney directed the process server to serve separate notices of appeal on the Office of the Attorney General, the Board, and the Director of the Department. While the Office of the Attorney General was served, the process server failed to serve either the Board or the Director of the Department, which fact was reflected in the return of service returned to the office of Petta's attorney on May 17, 1990, 6 days prior to the service deadline. No one at the attorney's office reviewed

the papers to determine whether proper service had been made until January 9, 1991, almost 7 months later, on which date conformed copies were served upon both the Board and the Director by mail.

Although the Attorney General's office filed a notice of appearance on behalf of the Department on June 7, 1990, the parties agree that neither the Board nor the Director of the Department received actual notice of the appeal until January 10, 1991. On March 7, 1991, the Department·moved for summary judgment on the ground that the superior court lacked subject matter jurisdiction due to Petta's failure to timely serve the Board and the Director of the Department as required by RCW 51.52.110. The trial court denied the motion and decided the merits of the appeal in Petta's favor.

■ The Industrial Insurance Act abolished all jurisdiction of the courts of this state for workers' injuries except as provided in RCW 51.52.110. *Fay v. Northwest Airlines, Inc.*, 115 Wn.2d 194, 197, 796 P.2d 412 (1990); RCW 51.04.010. Appeals from decisions of administrative tribunals invoke only the appellate jurisdiction of the superior court. *Fay*, 115 Wn.2d at 197. " 'Acting in its appellate capacity, the superior court is of limited statutory jurisdiction, and all statutory requirements must be met before jurisdiction is properly invoked.' " *Fay*, 115 Wn.2d at 197 (quoting *Spokane Cy. v. Utilities & Transp. Comm'n*, 47 Wn. App. 827, 830, 737 P.2d 1022 (1987)). Because the superior court acts as a court of limited, statutory jurisdiction, such jurisdiction may not be presumed. *Dils v. Department of Labor & Indus.*, 51 Wn. App. 216, 218, 752 P.2d 1357 (1988).

RCW 51.52.110, which sets forth the procedure under which a party may appeal a decision and order of the Board of Industrial Insurance Appeals to the superior court, provides in relevant part:

> Within thirty days after a decision of the board . . . [a] worker, beneficiary, employer or other person . . . aggrieved by the decision and order of the board may appeal to the superior court. . . .

. . . Such appeal shall be perfected by filing with the clerk of the court a notice of appeal and by serving a copy thereof by mail, or personally, on the director and on the board.

The notice provision contained in the statute[1] is a practical requirement intended to ensure that interested parties receive actual notice of appeals of Board decisions. *Fay*, 115 Wn.2d at 198. Substantial compliance with the terms of RCW 51.52.110 is sufficient to invoke the appellate jurisdiction of the superior court. *In re Saltis*, 94 Wn.2d 889, 895-96, 621 P.2d 716 (1980). Substantial compliance occurs when the Director of the Department (1) receives actual notice of the appeal to the superior court *or* (2) the notice of appeal *was served* in a manner reasonably calculated to give notice to the Director. 94 Wn.2d at 896. In cases where substantial compliance has been found there has been actual, if procedurally faulty, compliance with the statute. *Seattle v. Public Empl. Relations Comm'n*, 116 Wn.2d 923, 928, 809 P.2d 1377 (1991).

■ Both parties agree that neither the Board nor the Director received actual notice of the appeal until January 10, 1991, nearly 7 months after the service deadline had passed. Petta argues, however, that he acted in a manner reasonably calculated to give the Director and the Board actual notice of his pending appeal by providing conformed copies to the process server prior to the service deadline and requesting that the copies be served on the Director and the Board. However, in the absence of actual notice, substantial compliance cannot be deemed to have occurred if notice was not *in fact served* in a manner reasonably calculated to reach the party on whom the statute requires service. The test articulated in *Saltis* considers whether or not service was made in a manner reasonably calculated to succeed, not whether nonservice was reasonably calculated to succeed. Noncompliance with a statutory mandate is not substantial

---

[1]The 30-day limitation applies to both the filing of the notice of appeal and to the service of copies of the notice as directed by statute. *Fay*, 115 Wn.2d at 198.

compliance. *Spokane Cy.*, 47 Wn. App. at 831. Here, there is no dispute that the notices of appeal intended for the Board and the Department were simply never delivered, *i.e.*, they were never served. Thus, the service requirements of RCW 51.52.110 were simply not complied with, inadvertent as that noncompliance may have been.[2]

■ Petta argues that service upon the Attorney General's office should be regarded as substantial compliance because a notice of appearance was filed by that office on behalf of the Department. However, service on the Attorney General's office not only fails to meet the requirements of RCW 51.52-.110, but is not even contemplated as necessary by the statute. Prior cases have thus held that service on the Attorney General's office alone does not meet the requirements of the statute, even when that office has filed a notice of appearance on behalf of the agency named. *Spokane Cy.*, 47 Wn. App. at 830-31; *Smith v. Department of Labor & Indus.*, 23 Wn. App. 516, 518, 596 P.2d 296, *review denied*, 92 Wn.2d 1013 (1979); *Rybarczyk v. Department of Labor & Indus.*, 24 Wn. App. 591, 594, 602 P.2d 724 (1979), *review denied*, 93 Wn.2d 1010 (1980). Further, even if service on the Attorney General's office constituted service on the Director of the Department, it would still not have constituted service on the Board. Because the Board and the Department are separate entities and service on both is required by RCW 51.52.110, the superior court still would have lacked jurisdiction to hear this appeal. *Fay*, 115 Wn.2d at 199.

Finally, while Petta argues that dismissal of this case would unfairly penalize him for "mistakes made by others", dismissing the failure of Petta's attorney to review the return

---

[2]In urging this court to consider the efforts of the individuals concerned rather than the end result of those efforts, Petta implicitly argues that the analysis should turn not on whether the requirements of RCW 51.52.110 were in fact met, but on the subjective intentions of the individuals concerned with respect to meeting those requirements. The "substantial compliance" analysis, however, does not attempt to assess the substance of a party's intentions in directing that service be made, but is concerned with the practical question of whether a party received actual notice. *Fay*, 115 Wn.2d at 198. To frame the question as Petta suggests would undermine the objective nature of the inquiry.

of service on such a theory would be, in effect, to absolve attorneys of ever needing to ascertain whether service had been completed.[3] Here, the notice was simply never received despite the fact that the attorney responsible for ascertaining that service was made received a return of service indicating a failure to serve the Board and the Department. Similarly, notwithstanding what will clearly be an unfortunate blow to the claimant, a finding that there was substantial compliance on these facts would render the requirements of RCW 51.52.110 virtually meaningless.

Reversed.

WEBSTER, A.C.J., and KENNEDY, J., concur.

Review denied at 121 Wn.2d 1012 (1993).

---

[3]We decline to extend the holding in *Graves v. Vaagen Bros. Lumber, Inc.,* 55 Wn. App. 908, 781 P.2d 895 (1989) to the circumstances of this case. *Graves* held that *mailing* a notice of appeal to the appropriate superior court was sufficient to confer jurisdiction even though it was not received by the court within the 30-day period. Significantly, in *Graves,* the parties were timely served within the 30-day period. The court there specified that its holding was narrowly confined to the particular facts of that case.