[No. 48233-5-I.   Division One.   June 24, 2002.]

DANIEL L. DOUGHERTY, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*.

*Brock D. Stiles* (of *Stiles & Stiles, Inc., P.S.*), for appellant.

*Christine O. Gregoire, Attorney General,* and *Anastasia R. Sandstrom* and *Michael A. Kristof, Assistants,* for respondent.

BECKER, C.J. — Daniel Dougherty appealed to Skagit County Superior Court from a final decision by the Board of Industrial Insurance Appeals. By statute, he should have filed his notice of appeal in Whatcom County, where his injury occurred. At issue is whether the Skagit County court should have granted Dougherty's motion to change venue to Whatcom County instead of dismissing for lack of subject matter jurisdiction. Under controlling precedent, the venue requirement in the appeal statute is a limit on jurisdiction. Because the Skagit County court did not have subject matter jurisdiction, filing there was a mistake for which the doctrine of substantial compliance supplies no cure. The court in Skagit County had no option except to dismiss.

The Board of Industrial Insurance Appeals entered a final order terminating Dougherty's appeal on December 21, 2000. There is a 30-day statutory time limit for appealing such a decision. The aggrieved person must file the appeal in the superior court in the county where the worker resides, the county where the injury occurred, or Thurston County:

> Within thirty days after . . . the final decision and order of the board upon such appeal has been communicated to such worker, beneficiary, employer or other person, . . . such . . . person aggrieved by the decision and order . . . may appeal to the

superior court. If such . . . person fails to file with the superior court its appeal as provided in this section within said thirty days, the . . . final decision and order of the board shall become final.

In cases involving injured workers, an appeal to the superior court shall be to the superior court of the county of residence of the worker . . . or to the superior court of the county wherein the injury occurred or where neither the county of residence nor the county wherein the injury occurred are in the state of Washington then the appeal may be directed to the superior court for Thurston county. . . . Such appeal shall be perfected by filing with the clerk of the court a notice of appeal and by serving a copy thereof by mail, or personally, on the director and on the board.

RCW 51.52.110.

Dougherty, who is no longer a resident of Washington, was injured in Whatcom County. He should have filed his appeal in Whatcom County. Instead, on January 19, 2001, he filed in Skagit County, where his attorney practices. Realizing his mistake more than 30 days after the date of the final order, Dougherty—on February 12, 2001—moved to change venue to Whatcom County. The Department of Labor and Industries filed a cross motion to dismiss for lack of subject matter jurisdiction. The Skagit County Superior Court granted the department's motion to dismiss and denied Dougherty's motion to change venue to Whatcom County. Dougherty appeals.

The Skagit County Superior Court followed *Patterson v. Department of Labor & Industries*, 37 Wn. App. 196, 678 P.2d 1262 (1984). *Patterson* holds that filing a notice of appeal with the superior court in the wrong county does not substantially comply with the objectives of the statute. *Patterson*, 37 Wn. App. at 198-99. The filing defect "deprives the Superior Court of jurisdiction." *Patterson*, 37 Wn. App. at 197.

Dougherty argues that *Patterson* should be overruled in light of more recent cases. He contends that despite his mistake in filing the notice of appeal in the wrong county, he

substantially complied with the statute by serving timely notice on the department, filing in superior court within 30 days of the board's decision, and then moving the court to change venue to Whatcom County.

In an earlier era, our Supreme Court insisted upon strict compliance with the steps required to initiate an appeal in the superior court from the decision of an administrative body. *See, e.g., MacVeigh v. Div. of Unemployment Comp.*, 19 Wn.2d 383, 142 P.2d 900 (1943) (record did not show that claimant ever filed notice of appeal with superior court; case dismissed though defect not raised by opposing party until after superior court rendered judgment on the appeal). More recently, the court has held that substantial compliance with the statutory objectives will suffice. *In re Saltis*, 94 Wn.2d 889, 895-96, 621 P.2d 716 (1980). Warning against "slavish adherence" to the strict compliance rationale of cases like *MacVeigh*, the *Saltis* court identified the primary objectives of RCW 51.52.110 as "insuring adequate procedural safeguards of timeliness, notice, and appropriate forum." *Saltis*, 94 Wn.2d at 896.

A case that reflects the substantial compliance rationale of *Saltis* is *Graves v. Vaagen Brothers Lumber*, 55 Wn. App. 908, 781 P.2d 895 (1989). In *Graves* the appellant mailed the notice of appeal to the right county within 30 days, but the court did not receive it. Upon discovery of this fact, the appellant mailed a second notice that did not arrive until after 30 days from the date of the decision. The superior court dismissed the appeal. *Graves*, 55 Wn. App. at 909. Reversing, the appellate court held that the appellant had substantially complied by timely sending a notice of appeal to be filed in the right county, despite the court's failure to receive it.

Dougherty argues that *Graves* has undermined *Patterson*, if not explicitly overruled it. But *Patterson*'s holding is that there is no substantial compliance when the notice is sent to the wrong county. *Graves* distinguished *Patterson* on that basis. *Graves*, 55 Wn. App. at 910. Both cases are consistent with *Saltis* in that they look to the practical

objectives of the statute—timeliness, notice, and appropriate forum—to determine whether a technical procedural defect may be excused. *See Saltis*, 94 Wn.2d at 896. *Graves* does not compel reconsideration of *Patterson*.

One of the practical objectives of RCW 51.52.110 is to designate the appellant's county of residence, the county of injury, or Thurston County as the appropriate forum for trying an industrial insurance appeal. In *Patterson* this court decided that filing the appeal in the wrong county could not be deemed substantial compliance because it would result in the case being tried in a forum not specifically designated by the Legislature. *Patterson*, 37 Wn. App. at 198. Similarly, in Dougherty's case, filing in Skagit County cannot be deemed substantial compliance because only Whatcom County is an appropriate forum under RCW 51.52.110.

Of course, one of the purposes of change of venue statutes is to get cases into an appropriate forum. There is no practical difference between an appeal filed in Whatcom County, and an appeal mistakenly filed in Skagit County but moved to Whatcom County upon realization of the mistake. The prejudice to Dougherty caused by the dismissal of his appeal is considerable, while the prejudice to the department caused by simply changing venue to Whatcom County would be negligible. As Dougherty points out, the preference of modern courts, in the absence of serious prejudice to other parties, is to allow appeals to proceed. *Black v. Dep't of Labor & Indus.*, 131 Wn.2d 547, 552, 933 P.2d 1025 (1997). In civil appeals governed by the Rules of Appellate Procedure, the error of filing a timely notice of appeal with the Court of Appeals instead of with the trial court may be cured by filing a notice in the right place after the 30-day filing period has elapsed. *Weeks v. Chief of Wash. State Patrol*, 96 Wn.2d 893, 895-96, 639 P.2d 732 (1982).

Why, then, does misdirection of an industrial insurance appeal to the wrong county result in dismissal, instead of an order changing venue to the statutorily appropriate

forum? The answer is found in the line of cases that interpret the forum requirements of administrative appeals statutes as provisions intended to define the subject matter jurisdiction of the reviewing court.

■■■ The subject matter jurisdiction of the superior court over appeals from administrative tribunals such as the Board of Industrial Insurance Appeals is not original, but appellate. *Fay v. N.W. Airlines*, 115 Wn.2d 194, 197, 796 P.2d 412 (1990); *Maddox v. Indus. Ins. Comm'n*, 119 Wash. 21, 23-24, 204 P. 1057 (1922). This is in contrast to the broad and general subject matter jurisdiction possessed by the superior court when it is acting as a court of "original jurisdiction." WASH. CONST. art. IV, § 6. Acting in its appellate capacity the superior court is of limited statutory jurisdiction, and all statutory requirements must be met before jurisdiction is properly invoked. *Fay*, 115 Wn.2d at 197. This statement concerning limited jurisdiction, however, still leaves open the issue of which statutory requirements are jurisdictional. *Okanogan Wilderness League, Inc. v. Town of Twisp*, 133 Wn.2d 769, 790, 947 P.2d 732 (1997) (Durham, C.J., concurring).

Sometimes, the Legislature is explicit about the scope of statutory jurisdiction. Some statutes define a clear boundary between jurisdiction and venue. For example, chapter 3.66 RCW defines the limited jurisdiction of district courts, and also provides for change of venue. Among the limited types of cases that district courts are authorized to hear and decide are actions for damages where the amount at issue does not exceed $50,000, and misdemeanor prosecutions. RCW 3.66.020, .060. The Legislature has provided for venue of these cases in certain districts. RCW 3.66.040, .070. It has also provided for change of venue when an action is brought in the wrong district. RCW 3.66.050, .090. In this statutory scheme, it is clear that the subject matter jurisdiction of district courts is limited to certain types of cases. It is also clear that cases filed in the wrong district can be transferred to the right district. Subject matter jurisdiction over the type of case remains constant; venue, the location where the case should be filed, may vary from case to case.

When the Legislature is not explicit about the boundary between jurisdiction and venue, uncertainty can easily arise. Like its predecessor statutes, RCW 51.52.110 does not clearly state whether its filing location requirements are intended to be limitations on the scope of jurisdiction, or whether they are instead susceptible to motions to change venue. That question was first presented to the Supreme Court in *Tennyson v. Department of Labor & Industries*, 189 Wash. 616, 619-20, 66 P.2d 314 (1937). The appeal statute then in effect allowed for an appeal to the superior court to be initiated in the county of the applicant's residence. Laws of 1931, ch. 90, § 1, p. 266-68.[1] The statute also contained a provision directing that (with exceptions not relevant here) "the practice in civil cases shall apply" to such appeals.[2] Laws of 1931, ch. 90, § 1, p. 267.

Tennyson filed a notice of appeal in Grays Harbor County, the county of his residence. He then relocated to Clallam County. Over the objection of the department, he obtained an order changing venue to that county, based on the convenience of witnesses. The Clallam County Superior Court decided in favor of Tennyson's appeal.

The department appealed to the Supreme Court, arguing that Clallam County lacked subject matter jurisdiction under the appeal statute. The court agreed, and reversed and remanded with directions to return the case to the superior court of Grays Harbor County for further proceedings.

---

[1] "Within thirty days after the final order of the joint board upon such application for rehearing has been communicated to such applicant, or within thirty days after rehearing is deemed denied as herein provided, such applicant may appeal to the superior court of the county of his residence . . . . Such appeal shall be perfected by filing with the clerk of the court a notice of appeal and by serving a copy thereof by mail, or personally, on the director of labor and industries. . . .

". . . .

" . . . In other respects the practice in civil cases shall apply. Appeal shall lie from the judgment of the superior court as in other civil cases."

[2] *See* n.1. This provision remains in the current statute at RCW 51.52.140, formerly Rem. Rev. Stat. § 7697, cited in *Tennyson v. Department of Labor & Industries*, 189 Wash. 616, 618, 66 P.2d 314 (1937).

*Tennyson* was truly a fork in the road. The appeal statute, now RCW 51.52.110, has never expressly stated that subject matter jurisdiction is vested only in the superior court of the county of appellant's residence. The appeal statute does not use the word "jurisdiction" at all. The court was asked to decide whether the superior court of Clallam County had jurisdiction under the statute. *Tennyson*, 189 Wash. at 617. The issue presented was one of statutory interpretation, i.e., whether the Legislature intended the filing location provision to be a limitation on jurisdiction, or a prescription for venue.

The court could have recognized that an appeal from a decision of the board is the type of controversy that all superior courts are authorized by the statute to hear and decide. *See Marley v. Dep't of Labor & Indus.*, 125 Wn.2d 533, 539, 886 P.2d 189 (1994) (the focus must be on the words "type of controversy"; if the type of controversy is within the subject matter jurisdiction, then all other defects or errors go to something other than subject matter jurisdiction). The court could have ruled that the manner in which the statute limits the subject matter jurisdiction of the superior courts is by confining it to review of final decisions by the board. The court could have treated the statutory obligation to file the appeal in a certain county as a prescription for venue, a conclusion supported by the statute's direction to apply "the practice in civil cases." The practice in civil cases is to transfer cases from one superior court to another as allowed by the change of venue statute.[3] Under this alternative holding, the Supreme Court in *Tennyson* could have either affirmed the order changing venue to Clallam County as reflecting appropriate consideration for the convenience of witnesses, or reversed it as insufficiently respectful of the Legislature's venue directions. If that had been *Tennyson*'s holding, in this case Dougherty's filing in the wrong county would be seen as a

---

[3] Relevant to this case, the change of venue statute authorizes a court to change the place of trial on motion when it appears that "the county designated in the complaint is not the proper county," or "the convenience of witnesses or the ends of justice would be forwarded by the change." RCW 4.12.030(1), (3).

procedural error, not as a fatal jurisdictional flaw. Because the Department raised an early objection to proceeding in Skagit County, Dougherty's error would be curable by an order changing venue and perhaps by imposition of terms. *Cf.* RCW 3.66.050. If the department had not objected, the error would be waived and the court in Skagit County would proceed to adjudicate the appeal without any doubt about its subject matter jurisdiction.

Instead, the *Tennyson* court simply assumed that the filing location requirement was intended to be a jurisdictional limitation. When one begins with the premise that the Legislature intended to vest subject matter jurisdiction only in the superior court of the county of the claimant's residence, it is easy to conclude that the Legislature could not have contemplated a change of venue. The change of venue statute, the court found, "has relation, obviously, to matters of procedure in the court in which jurisdiction is vested. It cannot be read to imply a power in the superior court to which an appeal lies *to transfer its jurisdiction* to the superior court of another county by a change of venue." *Tennyson*, 189 Wash. at 618 (emphasis added). Accordingly, the court concluded that the attempt by Grays Harbor County to transfer its "jurisdiction" to Clallam County was unauthorized, and the superior court of Clallam County lacked "jurisdiction" to conduct the review. *Tennyson*, 189 Wash. at 619-20.

The assumption that the procedural requirements of administrative appeal statutes are intended to define and limit the subject matter jurisdiction of the reviewing court may be outdated. A modern commentator has criticized this rationale as inconsistent with the fundamentals of subject matter jurisdiction. *See* Robert J. Martineau, *Subject Matter Jurisdiction as a New Issue on Appeal: Reining in an Unruly Horse*, 1988 BYU L. Rᴇᴠ. 1, 4-6, 23, 26-28 (1988). According to Martineau, when a statute imposes procedural obligations on a party as a prerequisite for initiating an administrative appeal, those obligations should not be treated as a limitation on the subject matter jurisdiction of the reviewing court. The authority of the reviewing court

exists by virtue of a constitutional or statutory provision. All that a party does is invoke it. Subject matter jurisdiction is determined by reference to those provisions without regard to obligations imposed on the parties. If this were not the case, the anomalous situation would be created in which subject matter jurisdiction would be dependent upon the actions of a party, exactly the opposite of the principle that subject matter jurisdiction cannot be conferred by the parties.

Martineau, 1988 BYU L. REV. at 23-24.

The fact that *Tennyson* was relied upon in the now-disfavored *MacVeigh* case[4] suggests that *Tennyson*'s vitality may be ebbing. The Martineau article was cited with approval by our Supreme Court in *Marley*, 125 Wn.2d at 539. As *Marley* illustrates, our Supreme Court is increasingly cautious about classifying errors as jurisdictional flaws because of the serious implications for the finality of judgments. *Marley*, 125 Wn.2d at 541. If the filing location provision in RCW 51.52.110 is a limitation on subject matter jurisdiction, a judgment entered upon an appeal adjudicated in the wrong county is void, and subject to vacation at any time, even if the erroneous choice of forum is not raised as an issue until long after judgment. It seems unlikely that the Legislature would have intended that result.

■■ Nevertheless, at present the rationale articulated in *Tennyson* continues to govern administrative appeals. *See, e.g., Fletcher v. Dep't of Labor & Indus.*, 20 Wn. App. 865, 866-67, 582 P.2d 578 (1978) (dismissal, not change of venue, is the appropriate action by superior court when notice is filed in wrong county because county filing requirement is jurisdictional, not a matter of venue); *Skagit Motel v. Dep't of Labor & Indus.*, 107 Wn.2d 856, 858, 734 P.2d 478 (1987) (subject matter jurisdiction is conferred only upon compliance with the statute, including location where appeal is to be filed; the act vests jurisdiction in different counties depending upon the nature of the appeal).

---

[4] *MacVeigh v. Div. of Unemployment Comp.*, 19 Wn.2d 383, 142 P.2d 900 (1943).

Bound by *Tennyson* and its progeny, including *Patterson*, this court must affirm the judgment dismissing Dougherty's appeal. Filing in Skagit County did not substantially comply with the practical objectives of RCW 51.52.110, because that statute vests only Whatcom County Superior Court with appellate subject matter jurisdiction in this particular case. As a court without subject matter jurisdiction, the Skagit County Superior Court could do nothing more than enter an order of dismissal. *Deschenes v. King County*, 83 Wn.2d 714, 716, 521 P.2d 1181 (1974). Appellants in Dougherty's position must seek relief elsewhere, either by asking the Legislature to provide that the filing location requirement is a matter of venue, or by asking the Supreme Court to overrule *Tennyson*.

Affirmed.

KENNEDY and SCHINDLER, JJ., concur.

Review granted at 148 Wn.2d 1014 (2003).