**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | | |
|---|---|---|
| LONG PAINTING COMPANY, INC., | ) | No. 79752-2-I |
| | ) | |
| Appellant, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| MARK DONKEL, | ) | |
| | ) | PUBLISHED OPINION |
| Respondent. | ) | |
| | ) | |

MANN, C.J. — In order to invoke the appellate jurisdiction of the superior court, RCW 51.52.110 requires that appeals of the decisions of the Board of Industrial Insurance Appeals (BIIA) be filed in the superior court, and served on necessary parties, within 30 days of the BIIA's final decision. Long Painting Company (Long Painting) electronically filed a notice of appeal with the King County Superior Court on the last Friday of the 30-day filing period. On Monday, three days later, the superior court clerk notified Long Painting that its appeal was rejected and filing fee refunded because the local superior court rules did not allow electronic filings of administrative appeals. Almost three months later, Long Painting filed a new notice of appeal by hard copy—which the superior court dismissed for lack of appellate jurisdiction. Long Painting appeals and contends that it complied with, or substantially complied, with the filing requirements of RCW 51.52.110. We disagree and affirm.

FACTS

Mark Donkel filed a claim for an occupational injury, alleging that he began experiencing symptoms of a cervical degenerative disc disease while employed by Long Painting.  The Department of Labor and Industries (Department) denied the claim, finding that there was no proof of a specific injury during Donkel's employment, and that his condition was not an occupational disease as contemplated by RCW 51.08.140.[1] Donkel timely appealed the Department's denial to the BIIA.  An Industrial Appeals Judge (IAJ) issued a proposed decision and order finding that Donkel's condition was an occupational disease under the statute, specifically finding that his diagnosis of degenerative disc disease arose naturally and proximately from conditions of his employment with Long Painting.  The IAJ reversed and remanded to the Department with direction to order Long Painting to accept Donkel's cervical condition as an occupational disease.

Long Painting appealed the proposed decision and order to the BIIA.  The BIIA amended the findings and conclusions to reflect that Donkel's employment aggravated, rather than caused the condition, but otherwise adopted the IAJ's proposed decision and order.  BIIA sent the decision to Long Painting on May 16, 2018.

On Friday, June 15, 2018, Long Painting electronically filed a notice of appeal in King County Superior Court.  Long Painting mailed the notice of appeal to the Director of the Department (Director), the BIIA, and Donkel on June 15, 2018.  On Monday, June 18, 2018, the superior court clerk notified Long Painting that the notice of appeal was

---

[1] RCW 51.08.140 defines "occupational disease" as "such disease or infection as arises naturally and proximately out of employment under the mandatory or elective adoption provisions of this title."

rejected and that the filing fee would be refunded. The court clerk informed Long Painting that the notice of appeal should have been designated as an administrative law review petition, and as such, under local court rules it could not be filed electronically.

After receiving the clerk's notification, counsel for Long Painting e-mailed Donkel's counsel and informed them that the appeal would not proceed. He explained: "turns out my staff got confused about efiling and so they efiled the appeal but the court is rejecting the appeal as it allegedly is one that needs to be hand delivered so no superior court appeal on this one."

Almost three months later, on September 4, 2018, new counsel for Long Painting filed a hardcopy notice of appeal. That same day, the superior court issued a case schedule. The case was set for trial on April 1, 2019.

Donkel moved to dismiss, contending that because Long painting failed to timely file its appeal, the superior court lacked appellate jurisdiction.[2] The superior court agreed and dismissed Long Painting's appeal after determining that Long Painting did not file its appeal within 30 days of receiving the BIIA decision. The court awarded Donkel reasonable attorney fees and costs. Long Painting appeals.

## DISCUSSION

Long Painting argues that because the original, electronic notice of appeal reached the superior court, the Director, and the BIIA, Long Painting complied with, or at least substantially complied with, the filing requirements in RCW 52.51.110, and therefore properly invoked appellate jurisdiction. We disagree.

_____

[2] The parties repeatedly use the incorrect phrase "subject matter jurisdiction" instead of the proper term, appellate jurisdiction. See, e.g., Boudreaux v. Weyerhaeuser Co., 10 Wn. App. 2d 289, 307, n.9, 448 P.3d 121 (2019).

-3-

A. Actual Compliance

We first examine whether Long Painting complied with the filing requirements necessary to invoke the superior court's appellate jurisdiction. It did not.

Whether a superior court has jurisdiction is a question of law that we review de novo. Dougherty v. Dep't of Labor & Indus. for State of Washington, 150 Wn.2d 310, 314, 76 P.3d 1183 (2003). The Industrial Insurance Act provides that the Department has original jurisdiction over cases involving injured workers and that superior courts have appellate jurisdiction. Dougherty, 150 Wn.2d at 314; RCW 51.52.110. A party invokes the superior court's appellate jurisdiction by filing and serving a notice of appeal on the Director and the BIIA within 30 days of receiving notice of the BIIA's final decision:

> within thirty days after the final decision and order of the board upon such appeal has been communicated to such worker, beneficiary, employer or other person . . . such worker, beneficiary, employer or other person aggrieved by the decision and order of the board may appeal to the superior court. If such worker, beneficiary, employer, or other person fails to file with the superior court its appeal as provided in this section within said thirty days, the decision of the board to deny the petition or petitions for review or the final decision and order of the board shall become final.

RCW 51.52.110; Corona v. Boeing Co., 111 Wn. App. 1, 8, 46 P.3d 253 (2002) (appealing party must file and serve notice within the 30-day appeal period).

Under CR 5(e), the filing of pleadings and other papers with the court means filing with the clerk of the court. CR 5(e) provides that "[t]he clerk may refuse to accept for filing any paper presented for that purpose because it is not presented in proper form as required by these rules or any local rules or practices." (Emphasis added). King County Superior Court Local General Rule (KCLGR) (30(b)(4)(A)(i) requires that

administrative law review petitions "must be filed in paper form rather than e-filed." In rejecting Long Painting's original electronic notice of appeal, the superior court clerk relied on KCLGR 30(b)(4)(A)(i). The clerk acted within its discretion under CR 5(e). Long Painting failed to file its notice of appeal within the 30-day period for appeal—a fact it acknowledged to Donkel the day it received notice from the court clerk.

      B.  <u>Substantial Compliance</u>

      Next, we examine whether the doctrine of substantial compliance applies to the requirement to file a notice of appeal within 30 days. Long Painting urges us to accept its substantial compliance in this case. We decline.

      The Washington Supreme Court has held that "substantial compliance" with procedural rules can invoke appellate jurisdiction. <u>In re Matter of Saltis</u>, 94 Wn.2d 889, 896, 621 P.2d 716 (1980). "Substantial compliance has been defined as actual compliance in respect to the substance essential to every reasonable objective of [a] statute." <u>City of Seattle v. Pub. Emp't Relations Comm'n</u>, 116 Wn.2d 923, 928, 809 P.2d 1377 (1991) (quoting <u>In re Application of Santore</u>, 28 Wn. App. 319, 327, 623 P.2d 702 (1981)). Washington has recognized substantial compliance of a statute when the party had "actual compliance," although procedurally faulty, with the "substance" of the statutory requirement. <u>City of Seattle</u>, 116 Wn.2d at 928. The doctrine of substantial compliance does not save a party from the failure to comply with statutory time limits, such as the 30-day filing and service requirements of RCW 51.52.110. <u>Krawiec v. Red Dot Corp.</u>, 189 Wn. App. 234, 241, 354 P.3d 854 (2015). "It is impossible to substantially comply with a statutory time limit in the same way. It is either complied with or it is not." <u>City of Seattle</u>, 116 Wn.2d at 928-29.

Long Painting relies on Graves v. Vaagen Bros. Lumber, 55 Wn. App. 908, 912, 781 P.2d 895 (1989), Black v. Dep't of Labor and Indus., 131 Wn.2d 547, 933 P.2d 1025 (1997), and Dougherty to argue that because the original electronic notice of appeal was received by the superior court, the Director, and the BIIA, prior to the expiration of the 30-day appeal period, Long Painting substantially complied with RCW 51.52.110. Each case is readily distinguishable.

In Graves, the appellant, Timothy Graves, mailed his notice of appeal to the superior court six days after receiving notice of the BIIA's decision—well within the appeal period. The notice, however, was never received by the superior court. 55 Wn. App. at 909. The BIIA, the Director, and the employer all received copies of the notice. Graves, 55 Wn. App. at 909. Upon discovery that the court had not received the notice, Graves mailed a second copy of the notice of appeal. The second notice was filed outside the 30-day appeal period. Graves, 55 Wn. App. at 909. The superior court granted the employer's motion to dismiss because the notice of appeal was not timely filed under RCW 51.52.110. Graves, 55 Wn. App. at 909. Division Three of this court reversed, holding that because the original notice of appeal was mailed well within the 30-day limitation, it was addressed to the correct county, and all parties received the notice within that 30 days, the appellant's filing was in substantial compliance of the statute. Graves, 55 Wn. App. at 913-14.[3]

In Graves, any error in service was of no fault of the appellant, who properly postmarked the notice of appeal. There is a presumption that service by properly

---

[3] The holding in Graves is "a very narrow one confined to the facts which hopefully are unique and unlikely to occur again." 55 Wn. App. at 913. We do not determine whether Graves was wrongly decided because it is readily distinguishable from the facts here.

postmarked mail is complete three days after mailing. Vanderpol v. Schotzko, 136 Wn. App. 504, 508, 150 P.3d 120 (2007). In contrast, Long Painting did not follow the requirements for filing, ignoring the clear paper filing requirement of KCLGR 30. While Graves complied with the rules for filing in superior court, Long Painting did not adhere to the King County court's filing requirements. In Graves, any delay in filing occurred after Graves timely mailed the notice of appeal and was related to issues with mailing beyond Graves' control. Here, the superior court's rejection of Long Painting's filing resulted from their failure to comply with the proper filing procedures. Further, where Graves filed a second copy to the court just after learning that the court did not receive the original notice of appeal, Long Painting failed to seek to remedy its error and file a hard copy of its notice of appeal until almost three months later, despite being notified of the defect three days after filing.

In Dougherty, the worker, Daniel Dougherty, filed his notice of appeal in the Skagit County Superior Court, where his attorney resided, rather than Whatcom County Superior Court, where the injury occurred. 150 Wn.2d at 313. The superior court dismissed his case for lack of appellate jurisdiction. Dougherty, 150 Wn.2d at 313. The Washington Supreme Court held that because the appeal was timely filed in a superior court, although incorrect, the superior court's jurisdiction was still invoked. Dougherty, 150 Wn.2d at 320. The court concluded that "[f]iling an appeal from a decision of the Board in the wrong county does not defeat subject matter jurisdiction and can be cured by a change of venue." Dougherty, 150 Wn.2d at 320. This case differs from Dougherty, because the holding there was strictly limited to venue, while

Long Painting's case centers on filing. Unlike in <u>Dougherty</u>, Long Painting failed to timely file its notice of appeal in <u>any</u> superior court.

In <u>Black</u>, the worker, Dale Black, sought review of a BIIA decision by mailing the notice of appeal to the superior court, the BIIA, and to an assistant attorney general who represented the Department in the case. 131 Wn.2d at 549. The Department alleged that the worker failed to serve the notice of appeal on the Department's director as required by statute. The superior court agreed and dismissed the appeal, finding that serving the assistant attorney general did not substantially comply with the statutory requirements of RCW 51.52.110. <u>Black</u>, 131 Wn.2d at 550. Our Supreme Court reversed, concluding that "service on the assistant attorney general assigned to handle the case is reasonably calculated to give notice to the interested party, the Department," and there was no prejudice. <u>Black</u>, 131 Wn.2d at 555.

In contrast, this case does not concern a claim that Long Painting served the wrong party. Instead, this case concerns the separate requirement that the notice of appeal must be filed within 30 days. Long Painting failed to meet the statutory requirement to file its notice of appeal timely. "Noncompliance with a statutory mandate is not substantial compliance." <u>Petta v. Dep't of Labor & Indus.</u>, 68 Wn. App. 406, 409-10, 842 P.2d 1006 (1992).

This case is far more similar to the facts in <u>Petta</u>. In <u>Petta</u>, worker Thomas Petta's attorney directed a process server to serve separate notices of appeal on the Office of the Attorney General, the Board, and the Director of the Department. 68 Wn. App. at 407. The server failed to serve the BIIA or the Director, a fact that the Petta's attorney did not discover until almost seven months later. <u>Petta</u>, 68 Wn. App. at 407-08.

The superior court denied the Department's motion for summary judgment based on lack of jurisdiction. This court, however, reversed, holding that the appeal should have been dismissed. Petta, 68 Wn. App. at 407. The court held

> in the absence of actual notice, substantial compliance cannot be deemed to have occurred if notice was not *in fact served* in a manner reasonably calculated to reach the party on whom the statute requires service. The test articulated in Saltis considers whether or not service was made in a manner reasonably calculated to succeed, not whether non-service was reasonably calculated to succeed.

Petta, 68 Wn. App. at 409. Similarly, Long Painting did not, in fact, file its notice of appeal timely as required by the statute.

Although Long Painting contends that its notice of appeal still reached the court within 30 days, our substantial compliance analysis does not try to assess the substance of a party's intentions, but examines if the requirements of RCW 51.52.110 were met. Petta, 68 Wn. App. at 410, n.2. Long Painting incorrectly e-filed the appeal, leading to the court rejecting the appeal and returning the filing fee. Because the doctrine of substantial compliance does not save a party from its failure to comply with statutory time limits, the court properly rejected Long Painting's appeal.

For these reasons, we decline to apply the doctrine of substantial compliance. A failure to file the notice of appeal with the superior court within the 30-day appeal period neither complies, nor substantially complies with the requirements of RCW 51.52.110.

C. Attorney Fees on Appeal

Donkel seeks his reasonable attorney fees on appeal. Under RAP 18.1, a party may request reasonable attorney fees on appeal if an applicable law grants the party the right to recover. Attorney fees may be awarded only when authorized by a contract

provision, a statute, or a recognized ground in equity.  King County v. Vinci Constr. Grands Projets/Parsons RCI/Frontier-Kemper, JV, 188 Wn.2d 618, 625, 398 P.3d 1093 (2017).

RCW 51.52.130(1) provides:

> If, on appeal to the superior or appellate court from the decision and order of the board . . . in cases where a party other than the worker or beneficiary is the appealing party and the worker's or beneficiary's right to relief is sustained, a reasonable fee for the services of the worker's or beneficiary's attorney shall be fixed by the court.

RCW 51.52.130 allows a worker to recover attorney fees when the worker did not appeal, and the worker's right to relief is sustained.  Because we affirm the superior court's dismissal of the appeal, we award Donkel reasonable attorney fees on appeal, subject to compliance with RAP 18.1.

Affirmed.

_Mann, C.J._

WE CONCUR:

_Chun, J._                          _Verellen, J._