[No. 52269-3. En Banc. March 19, 1987.]

SKAGIT MOTEL, *Appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*

*Michael L. Lewis,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *R. Gregg Rodgers* and *William R. Strange, Assistants,* for respondent.

BRACHTENBACH, J.—For lack of subject matter jurisdiction the trial court dismissed an employer's appeal from a Department of Labor and Industries assessment of additional workers' compensation payroll premiums. The statute, RCW 51.52.110, requires filing of such appeals in Thurston County; the employer filed in Skagit County, the site of his business. We affirm.

In the original act creating the workers' compensation act the Legislature abolished jurisdiction of the courts, declaring that "all phases of the premises are withdrawn from private controversy . . . and to that end all civil actions and civil causes of action for such personal injuries and all

jurisdiction of the courts of the state over such causes are hereby abolished, except as in this act provided." Laws of 1911, ch. 74, § 1, p. 345; RCW 51.04.010.

█ Arguably only adjudication of claims by injured persons against employers was withdrawn with the courts being vested with limited appellate jurisdiction in relation thereto. The question is whether adjudication of issues arising from *administration* of the law, such as the payroll premium assessment here present, are controlled by the same statutory scheme applicable to injury claims. This issue was resolved almost 50 years ago in *State ex rel. Winningham v. Olinger,* 190 Wash. 697, 700–01, 70 P.2d 317 (1937). There the plaintiff sought mandamus to compel Department approval of a medical aid contract. It was argued specifically that the abolition of jurisdiction and limited restoration thereof applied only to injury claims and awards. The court, in holding that the workers' compensation act was a self–contained system, said: "the courts have no original jurisdiction over controversies arising in the *administration* of the workmen's compensation act; their jurisdiction is appellate only". (Italics ours.) *State ex rel. Winningham,* at 700.

Thus jurisdiction of the courts is granted only upon the conditions contained in the act and includes disputes about administration of the act, such as this case.

This principle leads to the conclusion that RCW 51.52-.110 is a matter of jurisdiction, not venue. Subject matter jurisdiction is conferred only upon compliance with the statute. *Lidke v. Brandt,* 21 Wn.2d 137, 139, 150 P.2d 399 (1944); *Coulter v. State,* 93 Wn.2d 205, 208, 608 P.2d 261 (1980); *In re Saltis,* 94 Wn.2d 889, 894, 621 P.2d 716 (1980).

Employer first suggests that the Department waived the right to question jurisdiction. The Department entered a notice of general appearance and participated in the trial setting. These actions do not constitute a waiver. Subject matter jurisdiction may be raised at any time, RAP 2.5(a)(1); *In re Saltis, supra;* it cannot be conferred by the

parties, *Washington Local 104, Int'l Bhd. of Boilermakers v. International Bhd. of Boilermakers,* 28 Wn.2d 536, 544, 183 P.2d 504 (1947). State officers have no authority to waive the statutory steps necessary to confer subject matter jurisdiction. *Lidke,* at 139.

The main thrust of this appeal is a claimed denial of equal protection. Because the act vests jurisdiction in different counties depending upon the nature of the appeal, employer contends that there is a denial of equal protection. In effect employer argues that all persons appealing under the workers' compensation act must have identical treatment as to the county in which the appeal may be filed.

It is true that RCW 51.52.110 creates two classes regarding jurisdiction on appeal. An injured worker may appeal to the superior court of the county of his residence, or in the county where the injury occurred. If neither is within the state, filing shall be in Thurston County. However, "[i]n all other cases the appeal shall be to the superior court of Thurston County." RCW 51.52.110. This is one of those "all other cases" to be filed in Thurston County. Does this statutory scheme of vesting jurisdiction violate equal protection?

Our first analytical step is to ascertain the standard of review of the challenged legislation. Because the subject does not affect a fundamental right or create a suspect classification the standard is minimal scrutiny. *Yakima Cy. Deputy Sheriff's Ass'n v. Board of Comm'rs,* 92 Wn.2d 831, 835–36, 601 P.2d 936 (1979), *appeal dismissed,* 446 U.S. 979, 64 L. Ed. 2d 835, 100 S. Ct. 2958 (1980).

Without citing any authority, presenting any argument or analysis beyond mere assertion, employer asserts it is more burdensome and expensive if appeals are allowed only in Thurston County, "[t]hus, the statute serves to discourage the exercise of a fundamental right." Brief of Appellant, at 12. We do not agree that this unsupported assertion implicates a fundamental right. We do note, however, that there is no denial of access to the courts; rather the ques-

tion here is in which county is that access to be exercised? In view of the lack of authority or argument we make no analysis of what requirements may attach to the exercise of access to the courts.

■■ A challenge to a legislative classification which is subject to minimal scrutiny triggers three questions, discussed hereafter. Underlying an analysis of these questions is the rule that the challenger in a minimal scrutiny case has a heavy burden of overcoming the presumption of a statute's constitutionality. *Yakima Cy. Deputy Sheriff's Ass'n,* at 835.

The first question is: does the classification apply alike to all members within the designated class? Clearly the statute creates two classes, to wit (1) appeals involving injured workers and (2) all other appeals involving RCW Title 51 issues. One class of appellants, injured workers, is treated exactly alike; the other class, all noninjury appellants, is treated exactly alike. Persons similarly situated are treated alike.

Second, do reasonable grounds exist to support the classification's distinction between those within and without each class? Facts are presumed sufficient to justify the classification. *Moran v. State,* 88 Wn.2d 867, 874, 568 P.2d 758 (1977). The burden again is on the challenger to prove the classification does not rest on a reasonable basis. *Haddenham v. State,* 87 Wn.2d 145, 150, 550 P.2d 9 (1976); *State Sch. Directors Ass'n v. Department of Labor & Indus.,* 82 Wn.2d 367, 376, 510 P.2d 818 (1973). Appellant employer does not address this issue other than to assert the classification is "without any basis." This neither meets the appellant's burden, nor overcomes the presumption of facts sufficient to justify the classification. Appellant's challenge fails to meet the established criteria.

The third question is whether the classification has a rational relationship to the purpose of the legislation. Appellant does not address this issue as is his burden; his position is not sustained by his assertion that the State has "advanced no reason to support the statute." As stated in

*Yakima Cy. Deputy Sheriff's Ass'n,* at 836, "[t]he challenger must do more than merely question the wisdom and expediency of the statute." Again, appellant fails to meet his burden.

Of the three cases cited by appellant employer in his brief, he relies mainly on *Hunter v. North Mason High Sch.,* 85 Wn.2d 810, 813, 539 P.2d 845 (1975). *Hunter* involved a statutory requirement that an injured person file a notice of a claim against a governmental entity. Thus, persons similarly situated, *i.e.,* injured by a tortfeasor, were treated differently solely on the basis of the tortfeasor's status. The same event triggered different procedures with an added burden if the tortfeasor were a governmental entity. The court found no rational basis for this distinction between similarly situated persons. Here the same event, injury to a covered worker, is treated the same as to all parties, regardless which is the appellant. All other appeals under RCW Title 51 are treated alike. *Hunter* is obviously distinguishable and not in point.

The order of dismissal is affirmed.

PEARSON, C.J., and UTTER, DOLLIVER, DORE, ANDERSEN, CALLOW, GOODLOE, and DURHAM, JJ., concur.