[No. 19130-3-III. Division Three. July 12, 2001.]

LETICIA HERNANDEZ, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, ET AL., *Respondents*.

---

*Charles H. Barr*, for appellant.

*Steven R. Reinisch* and *Jerald P. Keene* (of *Reinisch, MacKenzie, Healty, Wilson & Clark*), for respondent.

SWEENEY, J. — An appeal from a decision of the Board of Industrial Insurance Appeals is perfected by filing a notice of appeal with the clerk of the court and by serving a copy of that notice on the Department of Labor and Industries and the Board. RCW 51.52.110. Here, Leticia Hernandez timely filed an appeal from an adverse decision of the Board but then failed to serve the Board with notice of the appeal until after a motion to dismiss for lack of jurisdiction. Substantial procedural compliance is enough to secure jurisdiction. *Black v. Dep't of Labor & Indus.*, 131 Wn.2d 547, 552-53, 933 P.2d 1025 (1997). The question here is

whether Ms. Hernandez substantially complied with this statute. We conclude, based on well-established authority, that she did not. *Fay v. N.W. Airlines*, 115 Wn.2d 194, 796 P.2d 412 (1990); *Petta v. Dep't of Labor & Indus.*, 68 Wn. App. 406, 409, 842 P.2d 1006 (1992). And we affirm the trial court's order of dismissal.

## FACTS

Leticia Hernandez was injured at work on August 23, 1991. She applied for labor and industry benefits with her self-insuring employer, Broetje Orchards. The Department of Labor and Industries allowed the claim for medical treatment only. The Department eventually closed the claim and denied Ms. Hernandez's claims for additional time-loss benefits, permanent partial disability, and permanent total disability. Ms. Hernandez appealed to the Board of Industrial Insurance Appeals. The industrial appeals judge issued a proposed decision and order affirming the Department's action. On March 26, 1999, the Board denied Ms. Hernandez's petition for review and adopted the proposed decision and order as its final order. The decision informed the worker about her right to judicial review. It also instructed that an appeal to the superior court must be filed in accordance with RCW 51.52.110. A copy of the notice was sent to Ms. Hernandez's lawyer.

On April 20, 1999, within 30 days of the Board's final order, Ms. Hernandez filed notice of appeal in Franklin County Superior Court. She also served copies of the notice on the director of the Department and on the attorney for Broetje Orchards. She did not serve a copy of her pleadings on the Board.

On August 26, Broetje Orchards filed a motion to dismiss because Ms. Hernandez had failed to perfect her appeal within 30 days of the Board's adverse decision by serving the Board. Ms. Hernandez then served notice on the Board. The superior court granted the motion to dismiss. The court concluded that failure to serve the Board within 30 days deprived the court of subject matter jurisdiction.

## APPELLATE JURISDICTION

The Industrial Insurance Act is the exclusive remedy for injured workers. Therefore, " '[e]xcept as provided in RCW 51.52.110, all jurisdiction of the courts of this state for workers' injuries is abolished by the Industrial Insurance Act.' " *Fay*, 115 Wn.2d at 197 (quoting *City of Spokane v. Dep't of Labor & Indus.*, 34 Wn. App. 581, 583, 663 P.2d 843 (1983)).

■■ Appeals from the Board of Industrial Insurance Appeals invoke the superior court's appellate jurisdiction, not general or original jurisdiction. *Id.* And "[a]cting in its appellate capacity, the superior court is of limited statutory jurisdiction, and a party seeking to properly invoke its jurisdiction must meet all statutory procedural requirements." *Technical Employees Ass'n v. Pub. Employment Relations Comm'n*, 105 Wn. App. 434, 438, 20 P.3d 472 (2001).

■ Previously, only strict compliance with all statutory procedures could secure superior court jurisdiction. *See, e.g.*, *Lidke v. Brandt*, 21 Wn.2d 137, 150 P.2d 399 (1944); *Rybarczyk v. Dep't of Labor & Indus.*, 24 Wn. App. 591, 602 P.2d 724 (1979); *Smith v. Dep't of Labor & Indus.*, 23 Wn. App. 516, 596 P.2d 296 (1979). But that changed with *In re Saltis*, 94 Wn.2d 889, 896, 621 P.2d 716 (1980). Substantial compliance with the terms of RCW 51.52.110 is now sufficient to invoke the superior court's appellate jurisdiction. *Saltis*, 94 Wn.2d at 895-96.

## PERFECTING APPEAL

■ The statute requires that:

Within thirty days after a decision of the board . . . employer or other person aggrieved by the decision and order of the board may appeal to the superior court. If such worker, beneficiary, employer, or other person fails to file with the superior court its appeal as provided in this section within said thirty days, the decision of the board to deny the petition or petitions for review

or the final decision and order of the board shall become final.

. . . Such appeal *shall be perfected* by filing with the clerk of the court a notice of appeal *and by serving a copy* thereof by mail, or personally, on the director and *on the board.* . . . The board shall serve . . . and file with the clerk of the court before trial, a certified copy of the board's official record which shall include the notice of appeal and other pleadings, testimony and exhibits, and the board's decision and order, which shall become the record in such case.

RCW 51.52.110 (emphasis added).

The perfection provision of the statute does not expressly provide that an appealing party must both file and serve within 30 days in order to invoke the jurisdiction. But that has been the interpretation. *Fay*, 115 Wn.2d at 198. And the *Fay* court's interpretation is certainly consistent with the reading of the statute which requires that the appeal be taken within 30 days after the decision of the board. The second paragraph of the statute then sets out how the appeal is perfected, i.e., by filing with the clerk and service on the required parties, including the Board.

## SUBSTANTIAL COMPLIANCE

■ Substantial compliance is generally defined as actual compliance with the " 'substance essential to every reasonable objective' " of a statute. *Cont'l Sports Corp. v. Dep't of Labor & Indus.*, 128 Wn.2d 594, 602, 910 P.2d 1284 (1996) (quoting *City of Seattle v. Pub. Employment Relations Comm'n*, 116 Wn.2d 923, 928, 809 P.2d 1377 (1991)). Noncompliance is not substantial compliance. *Crosby v. Spokane County*, 137 Wn.2d 296, 302, 971 P.2d 32 (1999).

■ The minimum requirement for substantial compliance with the service requirement is that the party to be served must receive actual notice of the appeal to superior court, or service by a method reasonably calculated to succeed. *Saltis*, 94 Wn.2d at 895-96. But in every case where substantial compliance has been found, there has been some actual, even if ineffective, compliance with the

statute. *Petta*, 68 Wn. App. at 409 (citing *Pub. Employment Relations Comm'n*, 116 Wn.2d at 928).

■ Here, there was no attempt to serve the Board until after the motion to dismiss was made. This is not substantial compliance. It is no compliance. *Petta*, 68 Wn. App. at 409-10. Ms. Hernandez did not then substantially comply with the statute.

## CONSTITUTIONAL CHALLENGES

Ms. Hernandez next raises a number of constitutional challenges to RCW 51.52.110. All revolve around her language (Spanish), her socioeconomic status (poor), or her cultural hurdles (Hispanic and female).

■ We generally do not consider issues raised for the first time on appeal but have discretion to do so. *Harris v. Dep't of Labor & Indus.*, 120 Wn.2d 461, 467-68, 843 P.2d 1056 (1993).

■ Statutes are presumed constitutional with the burden on the challenger to prove otherwise beyond a reasonable doubt. *Town of Clyde Hill v. Roisen*, 111 Wn.2d 912, 917, 767 P.2d 1375 (1989). Ms. Hernandez does not claim she was in fact misled by the statutory language because of those linguistic, socioeconomic, or cultural hurdles. She was represented by counsel before, during, and after the appeal. Counsel did not argue that he misread the statute; he missed it.

Due Process

■ The test for evaluating whether a statute meets the requirements of due process is whether it provides adequate notice and adequate standards to prevent arbitrary enforcement. *State v. Maciolek*, 101 Wn.2d 259, 264, 676 P.2d 996 (1984).

■ RCW 51.52.110 is not ambiguous about the need to serve notice of the appeal on the Board. And service on those parties who must be served is a jurisdictional prerequisite. *Fay*, 115 Wn.2d at 198. *Fay* says that notice must be

served within the 30-day appeal period. *Id.*

EQUAL PROTECTION

██ ██ An equal protection challenge receives minimal scrutiny, unless the subject legislation affects either a fundamental right or a suspect class. *Skagit Motel v. Dep't of Labor & Indus.*, 107 Wn.2d 856, 859, 734 P.2d 478 (1987). We apply the rational basis standard. *Harris*, 120 Wn.2d at 477. The jurisdictional requirements of RCW 51.52.110 are reviewed under this standard. *Skagit Motel*, 107 Wn.2d at 859. The challenger has the burden of overcoming the presumption that the challenged provision is constitutional. *Id.* at 860. The provision is not constitutionally objectionable so long as it applies alike to all members within the designated class, reasonable grounds exist to support the classification, and the classification bears a rational relationship to the purpose of the legislation. *Harris*, 120 Wn.2d at 477.

██ ██ Ms. Hernandez argues that separating aggrieved workers into those who have access to judicial review and those who do not based on procedural perfection violates her right to equal protection of the law.

For the Legislature to elect to condition judicial review of administrative actions on perfecting the appeal as prescribed does not violate equal protection. *See Skagit Motel*, 107 Wn.2d at 859-60 (venue). By creating two classes of claimants—those who comply with the jurisdictional requirements and those who do not—the statute does not create a suspect class. *Id.* at 859. Indeed, all similarly situated appellants are treated alike. *Id.* at 860. And reasonable grounds exist to support the classification. *Id.*

Notice to interested parties is necessary to give interested parties notice of the appeal and an opportunity to respond. *Fay*, 115 Wn.2d at 198. Therefore, requiring compliance or, at least, substantial compliance to invoke the appellate jurisdiction of the court is not a denial of the equal protection of law. *See Skagit Motel*, 107 Wn.2d at 860.

DISPARATE IMPACT

 If we accept Ms. Hernandez's reasoning, no law can constitutionally be applied to her because she is disparately impacted by requiring a degree of command of the English language sufficient for fluent reading of statutes. However, the average citizen is not expected to grasp statutory nuances. That is why the Industrial Insurance Act provides for attorney fees. RCW 51.52.130.

## EQUITABLE ARGUMENTS

 Finally, Ms. Hernandez argues for the first time on appeal that her English language deficiencies and head injuries also require a liberal application of the statute and demand equitable relief from the court. She offers a list of equitable objections to the order dismissing her appeal. But none of these were presented to the trial court, either at the hearing or in her brief in opposition to the motion. We decline to entertain them here. RAP 2.5(a); *State v. Williams*, 137 Wn.2d 746, 749, 975 P.2d 963 (1999).

## CONCLUSION

We affirm the order of the trial court dismissing the appeal on jurisdictional grounds.

BROWN, A.C.J., and KATO, J., concur.