FILED
COURT OF APPEALS
DIVISION II

2015 MAY 12 AM 8: 42

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| MARIA KRAWIEC, | No. 45776-8-II |
| Appellant, | |
| v. | UNPUBLISHED OPINION |
| RED DOT CORPORATION; DEPARTMENT OF LABOR & INDUSTRIES OF THE STATE OF WASHINGTON, | |
| Respondents. | |

BJORGEN, A.C.J. — After the Board of Industrial Insurance Appeals (Board) entered an order affirming the decision by the Department of Labor & Industries (Department) to close Maria Krawiec's worker's compensation claim, Krawiec appealed the Board's order to the superior court. The superior court dismissed Krawiec's appeal based on her failure to timely serve the Board as required under RCW 51.52.110. Krawiec appeals, asserting that the superior court erred by dismissing her appeal from the Board's order. We affirm.

## FACTS

On August 20, 2001, Krawiec sustained an industrial injury while working for Red Dot Corporation, a self-insured employer. In 2010, the Department entered an order closing Krawiec's worker's compensation claim with benefits paid through August 11, 2010. Krawiec

appealed the Department's order to the Board. On October 29, 2012, the Board entered a final order affirming the Department's decision to close Krawiec's worker's compensation claim. Krawiec received a copy of the Board's final order on October 31, 2012.

On November 19, 2012, Krawiec filed in the Pierce County Superior Court a notice of appeal from the Board's final order. On that same date, Krawiec served copies of her notice of appeal on Red Dot, Red Dot's attorney, and the Department's attorney. Krawiec did not, however, serve the Board with a copy of her notice of appeal until April 19, 2013.

On August 26, 2013, Red Dot filed a motion to dismiss Krawiec's appeal for failing to timely serve the Board with her notice of appeal. The trial court held a hearing on Red Dot's motion, at which hearing the trial court stated it was required to dismiss Krawiec's appeal under RCW 51.52.110. The trial court later entered the following findings of fact and conclusions of law in support of its dismissal order:

## I. FINDINGS OF FACT

1.1 Hearings were held at the Board of Industrial Insurance Appeals (Board). Thereafter an Industrial Appeals Judge issued a Proposed Decision and Order on August 24, 2012 from which Plaintiff filed a timely Petition for Review on October 10, 2012. On October 29, 2012 the Board, having considered Plaintiff's Petition for Review, denied the same and adopted the Proposed Decision and Order as the Board's final order.

1.2 The Plaintiff received her copy of the Board's Final Order on October 31, 2012.

1.3 On November 19, 2012, the Plaintiff filed a Notice of Appeal in Pierce County Superior Court. Her affidavit of service did not include service upon the Board.

1.4 On April 19, 2013, the Plaintiff first served the Board with a copy of her Notice of Appeal, and filed an amended notice of service indicating service of the Board on that date.

Based upon the foregoing Findings of Fact, the Court now makes the following:

## II. CONCLUSIONS OF LAW

2.1 This Court has subject matter jurisdiction over the parties to this appeal.

2.2 The Plaintiff did not timely serve the Board and therefore did not comply with RCW 51.52.110. Because she did not comply with the service requirements of RCW 51.52.110, she failed to perfect her appeal and her appeal must be dismissed.

Clerk's Papers (CP) at 505. Krawiec appeals the superior court order dismissing her appeal.

## ANALYSIS

### I. STANDARD OF REVIEW

RCW 51.52.140 governs appeals for proceedings under Washington's Industrial Insurance Act, providing that "[e]xcept as otherwise provided in this chapter, the practice in civil cases shall apply to appeals prescribed in this chapter. Appeal shall lie from the judgment of the superior court as in other civil cases." Krawiec's appeal requires us to construe the service requirements of RCW 51.52.110, an issue of law that we review de novo. *See Dep't of Labor & Indus. v. Granger*, 130 Wn. App. 489, 493, 123 P.3d 858 (2005) ("Statutory construction is a question of law, which we review de novo."). Krawiec does not assign error to any of the superior court's factual findings and, thus, we treat those findings as verities in this appeal. *Dep't of Labor & Indus. v. Allen*, 100 Wn. App. 526, 530, 997 P.2d 977 (2000).

### II. RCW 51.52.110

Krawiec first contends that the superior court erred in dismissing her appeal for failing to comply with RCW 51.52.110's service provisions because the statute makes a distinction between "filing" and "perfecting" an appeal. She thus argues that her failure to timely serve the Board under the perfection provision of the statute did not require dismissal of her appeal. We disagree.

3

RCW 51.52.110 provides in relevant part:

If such worker, beneficiary, employer or other person fails to file with the superior court its appeal as provided in this section within said thirty days, the decision of the board to deny the petition or petitions for review or the final decision and order of the board shall become final.

. . . .

Such appeal shall be perfected by filing with the clerk of the court a notice of appeal and by serving a copy thereof by mail, or personally, on the director and on the board. If the case is one involving a self-insurer, a copy of the notice of appeal shall also be served by mail, or personally, on such self-insurer.

Although Krawiec is correct that this statutory provision does not explicitly state that the failure to "perfect" an appeal will result in the finality of a board decision, our Supreme Court has interpreted RCW 51.52.110 to require "a party appealing a decision of the Board of Industrial Insurance Appeals [to] file *and* serve notice of the appeal on the Director and the Board within 30 days after receiving notification of the Board's decision." *Fay v. Nw. Airlines, Inc.*, 115 Wn.2d 194, 201, 796 P.2d 412 (1990). Division Three of our court relied on the *Fay* court's interpretation of RCW 51.52.110 in rejecting the same argument Krawiec raises here, stating, "The perfection provision of the statute does not expressly provide that an appealing party must both file and serve within 30 days in order to invoke the [superior court's appellate] jurisdiction. But that has been the interpretation." *Hernandez v. Dep't of Labor & Indus.*, 107 Wn. App. 190, 196, 26 P.3d 977 (2001) (citing *Fay*, 115 Wn.2d at 198); *see also Petta v. Dep't of Labor & Indus.*, 68 Wn. App. 406, 410, 842 P.2d 1006 (1992) (RCW 51.52.110 requires dismissal of appeal for failure to timely serve Board with notice). Because we are bound by our Supreme Court's interpretation of RCW 51.52.110, we must reject Krawiec's claim that the statute

distinguishes between filing and perfecting an appeal.

### III. DISMISSAL REQUIRED UNDER RCW 51.52.110

Next, Krawiec contends that the superior court erred in dismissing her appeal, because it failed to consider sanctions apart from dismissal. In raising this contention, Krawiec acknowledges that *Fay* held that the failure to timely serve required parties under RCW 51.52.110 required dismissal, but she appears to argue that *ZDI Gaming Inc. v. State ex rel. Washington State Gambling Commission*, 173 Wn.2d 608, 268 P.3d 929 (2012), and *Dougherty v. Department of Labor and Industries*, 150 Wn.2d 310, 76 P.3d 1183 (2003), have called the *Fay* holding into question. Krawiec's argument fails for a number of reasons.

First, our Supreme Court has not announced its intention to overrule *Fay*, and our Supreme Court has made clear that it does not "overrule . . . binding precedent *sub silentio*." *State v. Studd*, 137 Wn.2d 533, 548, 973 P.2d 1049 (1999). Accordingly, *Fay*'s holding that dismissal is required for the appealing party's failure to timely file and serve under RCW 51.52.110 remains good law and is binding on our court.

Second, neither *ZDI* nor *Dougherty* call into question *Fay*'s holding that a Board's decision is deemed final if an appealing party fails to both timely file and serve required parties under RCW 51.52.110. In *ZDI*, our Supreme Court held that a statute cannot limit the original jurisdiction of superior courts. 173 Wn.2d at 620. In so holding, the *ZDI* court distinguished between a superior court's original jurisdiction and its appellate jurisdiction, stating:

> Our constitution suggests, and our cases have from time to time assumed, that the legislature has greater power to sculpt the appellate jurisdiction of the individual superior courts. *See* WASH. CONST. art. IV, § 6 ("The superior court . . . shall have such appellate jurisdiction in cases arising in justices' and other inferior courts in their respective counties as may be prescribed by law."). But whether or not the appellate jurisdiction of the superior court can be limited county by county, the simple fact is, *original jurisdiction may not be.*

173 Wn.2d at 619-20. In *Fay*, as here, the superior court was acting under its appellate jurisdiction and not its original jurisdiction. 115 Wn.2d at 197. Accordingly, *ZDI*'s holding regarding a superior court's original jurisdiction has no bearing on *Fay*. Further, even if *ZDI* stood for the proposition that a statute could not divest a superior court of its appellate jurisdiction, it has no bearing on the statutory requirement that an appealing party timely file its appeal and serve required parties.[1]

*Dougherty* similarly did not affect the holding in *Fay*. In *Dougherty*, our Supreme Court did not address the service requirements of RCW 51.52.110. Instead, the court addressed the statute's venue requirement, holding that

> RCW 51.52.110's requirements regarding the location of the superior court where appeals are to be filed are procedural and relate to venue, not subject matter jurisdiction. Filing an appeal from a decision of the Board in the wrong county does not defeat subject matter jurisdiction and can be cured by a change of venue.

150 Wn.2d at 320. Because *Dougherty* addressed only venue, it did not affect *Fay's* holding that dismissal is required for failure to comply with RCW 51.52.110's service requirement.

Finally, we are not persuaded by Krawiec's argument that a lesser sanction was available to the superior court because the Board was not an interested party to the appeal. This argument ignores RCW 51.52.110's requirement that Krawiec timely serve the Board with her notice of appeal and does not comport with the precedent of *Fay*.

## IV. SUBSTANTIAL COMPLIANCE

Last, Krawiec contends that the superior court erred in dismissing her appeal because she

---

[1] We note that the superior court here dismissed Krawiec's appeal based on her failure to comply with the statutory service requirements under RCW 51.52.110 and not based on a lack of subject matter jurisdiction.

substantially complied with the service requirements of RCW 51.52.110. Again, we disagree.

"Substantial compliance is generally defined as actual compliance with the 'substance essential to every reasonable objective' of a statute." *Hernandez*, 107 Wn. App. at 196 (quoting *Cont'l Sports Corp. v. Dep't of Labor & Indus.*, 128 Wn.2d 594, 602, 910 P.2d 1284 (1996)). The doctrine of substantial compliance, though, does not save the failure to comply with statutory time limits, such as the 30-day filing and service requirements of RCW 51.52.110. *See, e.g.*, *Petta*, 68 Wn. App. at 409-10 (holding that failure to serve required party under RCW 51.52.110 was not substantial compliance); *see also Humphrey Indus., Ltd. v. Clay Street Assoc., LLC*, 170 Wn.2d 495, 506, 242 P.3d 846 (2010) ("A six-month deferral of payment is not 'substantial compliance' with a statute that unambiguously requires payment 'within thirty days.'"); *City of Seattle v. Pub. Emp. Relations Comm'n*, 116 Wn.2d 923, 928-29, 809 P.2d 1377 (1991) ("It is impossible to substantially comply with a statutory time limit. . . . It is either complied with or it is not.").

Krawiec failed to comply with the statutory requirement that she timely serve the Board with a copy of her notice of appeal. Under *Petta*, 68 Wn. App. at 409-10, and the other decisions just cited, that failure cannot constitute substantial compliance with the statute. Therefore, we affirm the superior court's order dismissing Krawiec's appeal.

## V. ATTORNEY FEES

Krawiec requests attorney fees under RAP 18.1 and RCW 51.52.130. RAP 18.1 provides that a party may be awarded attorney fees on appeal if "applicable law grants to a party the right to recover" such attorney fees. RCW 51.52.130 provides in relevant part that a worker who succeeds in getting a Board order reversed on appeal is entitled to a reasonable attorney fees award. Krawiec did not succeed in getting the Board order reversed on appeal and, thus, we

No. 45776-8-II

deny her request for attorney fees.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Bjorgen, A.C.J.
BJORGEN, A.C.J.

We concur:

LEE, J.

SUTTON, J.

8