**FILED**
**AUGUST 29, 2019**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| PERRENOUD ROOFING, INC., | ) | |
| | ) | No.  36219-1-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF LABOR AND | ) | UNPUBLISHED OPINION |
| INDUSTRIES, | ) | |
| | ) | |
| Respondent. | ) | |

FEARING, J. — A construction contractor appealed to the superior court an order of

the Board of Industrial Insurance Appeals (BIIA) affirming a safety citation issued by the

Department of Labor & Industries (DLI).  The superior court dismissed the appeal

because of lack of timely service on BIIA.  We affirm because the contractor did not

substantially comply with the service statute and the BIIA need not show any prejudice to

secure a dismissal of the appeal.

### FACTS

The underlying facts bear little importance to this appeal.  On November 7, 2015,

an inspector with DLI visited a Spokane worksite of Perrenoud Roofing, Inc.

(Perrenoud).  At the site, the inspector spotted safety violations.  DLI later cited

Perrenoud, issued corrective notices for the violations, and assessed $17,600 in penalties.

PROCEDURE

Perrenoud appealed DLI's citation to the Board of Industrial Insurance Appeals. On August 9, 2017, BIIA issued a final decision affirming the citation. Perrenoud filed a notice of appeal with the superior court on August 28, 2017. On August 23, Perrenoud served a copy of the notice of appeal on the assistant attorney general handling the case for DLI. Perrenoud did not then serve BIIA.

On November 1, Perrenoud requested a copy of the record from BIIA. On November 8, BIIA mailed a letter to Perrenoud requesting a copy of the notice of appeal to verify that Perrenoud filed an appeal. On the same day, Perrenoud sent notice of its appeal to BIIA.

On November 29, 2017, DLI filed a motion to dismiss Perrenoud's appeal to the superior court for failure to timely serve notice of the appeal. The superior court granted DLI's motion and dismissed the appeal.

LAW AND ANALYSIS

On appeal to this court, Perrenoud argues that the superior court mistakenly dismissed the appeal to the superior court because of two flaws in the superior court's analysis. First, the superior court applied a strict compliance standard rather than a substantial compliance standard. Second, the superior court failed to insist that DLI show prejudice because of late notice.

2

Title 49 RCW codifies the Washington Industrial Safety and Health Act of 1973.

RCW 49.17.150 governs appeals to the superior court from BIIA citations for safety

violations.  The statute reads:

> (1)  Any person aggrieved by an order of the board of industrial insurance appeals issued under RCW 49.17.140(3) may obtain a review of such order in the superior court for the county in which the violation is alleged to have occurred, *by filing in such court within thirty days* following the communication of the board's order or denial of any petition or petitions for review, *a written notice of appeal* praying that the order be modified or set aside.  *Such appeal shall be perfected by filing with the clerk of the court and by serving a copy thereof by mail, or personally, on the director and on the board.  The board* shall thereupon transmit a copy of the notice of appeal to all parties who participated in proceedings before the board, and *shall file in the court the complete record of the proceedings.* Upon such filing the court shall have jurisdiction of the proceeding and of the question determined therein.

(Emphasis added.)  The term "director" in the statute refers to the director of DLI.

RCW 49.17.020(2).  In summary, the party appealing from a decision of the BIIA

perfects the appeal by filing a notice of appeal with the clerk of the court and by serving a

copy of the notice on DLI and BIIA within thirty days of BIIA's order.

Perrenoud argues that the superior court erred in failing to apply a substantial

compliance standard to Perrenoud's procedural defects.  The courts excuse imperfections

when substantial compliance satisfies the spirit of a procedural requirement.  *Black v.*

*Department of Labor & Industries*, 131 Wn.2d 547, 552, 933 P.2d 1025 (1997).

A plethora of cases address substantial compliance within the context of

RCW 51.52.110, a statute that governs the procedures for filing an appeal from BIIA for

workers' compensation awards or the denial thereof. *In re Saltis*, 94 Wn.2d 889, 896, 621 P.2d 716 (1980); *Hernandez v. Department of Labor & Industries*, 107 Wn. App. 190, 196, 26 P.3d 977 (2001). RCW 51.52.110 echoes the requirements of RCW 49.17.150 for perfecting an appeal. Nevertheless, we need not decide whether the same substantial compliance standard applies to appeals from BIIA decisions under RCW 49.17.150. Perrenoud did not substantially comply with service requirements.

Noncompliance with an appeal procedure does not constitute substantial compliance no matter how inadvertent the noncompliance may be. *Hernandez v. Department of Labor & Industries*, 107 Wn. App. 190, 196 (2001); *Petta v. Department of Labor & Industries*, 68 Wn. App. 406, 409-410, 842 P.2d 1006 (1992). For a party to benefit from substantial compliance with service demands, the party to be served must receive actual notice of the appeal to the superior court or service by a method reasonably calculated to succeed. *Hernandez v. Department of Labor & Industries*, 107 Wn. App. at 196. Perrenoud attempted no service on BIIA within thirty days of BIIA's decision.

Perrenoud relies on *Black v. Department of Labor & Industries*, 131 Wn.2d 547 (1997) when arguing it substantially complied with service requirements because it served the assistant attorney general assigned to assist DLI. *Black* held that service on the attorney general assigned to the case is reasonably calculated to give notice to DLI's director. By so arguing, Perrenoud addresses the wrong question. DLI does not dispute that Perrenoud properly and timely served it. The dismissal of the appeal results from

4

failure to timely service BIIA. Perrenoud does not argue and cites no law that an appellant perfects service on BIIA by serving the assistant attorney general assigned to DLI. DLI and BIIA are two distinct government entities.

Perrenoud next contends that DLI suffered no prejudice by its mailing of the notice of appeal only to DLI's assistant attorney general. Again, Perrenoud focuses on the wrong party. DLI concedes proper service on it. BIIA argues lack of timely service.

Perrenoud cites no law supporting the notion that noncompliance with statutory service requirements is excusable when no prejudice results. Perrenoud only cites *Black v. Department of Labor & Industries*, 131 Wn.2d 547 (1997) for the proposition that service on the assigned assistant attorney general suffices for notice on DLI. This court generally does not review unsupported arguments that lack citation to relevant law. RAP 10.3(a)(6).

In *Hernandez v. Department of Labor & Industries*, 107 Wn. App. 190 (2001), the court ended its inquiry after concluding that the party appealing a decision did not comply with statutory service requirements. The court conducted no prejudice analysis.

CONCLUSION

We affirm the superior court's dismissal of Perrenoud's appeal of BIIA's order upholding DLI's safety citation.

No. 36219-1-III
*Perrenoud Roofing v. Dept. of L&I*

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Lawrence-Berrey, C.J.

_____
Pennell, J.