IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION II

| | |
|---|---|
| PAUL UMINSKI, | No. 53007-4-II |
| Respondent, | |
| v. | |
| CLARK COUNTY, | UNPUBLISHED OPINION |
| Appellant. | |

CRUSER, J. – Clark County (County), a self-insured employer, appeals from the superior

court's order denying the County's motion to dismiss Paul Uminski's appeal to the superior court

of the denial of his worker's compensation claim against the County. Because the record does not

establish that the Director of the Department of Labor and Industries (Director) was served with

or had actual notice of Uminski's appeal, we reverse the superior court's denial of the County's

motion to dismiss and remand this matter to the superior court to dismiss the appeal.[1]

FACTS

I. BACKGROUND

Paul Uminski was working as a deputy sheriff in Clark County when he was diagnosed

with carpal tunnel syndrome. Uminski filed a workers' compensation claim with the Department

---

[1] Because we reverse based on no proof of actual notice, we do not address the County's arguments regarding fortuitous knowledge, attorney of record, or the inapplicability of substantial compliance for statutory timelines.

of Labor and Industries (Department). The Department denied the claim, and the Board of Industrial Insurance Appeals (Board) affirmed the Department's decision.

Uminski filed a notice of appeal with the superior court. Uminski's certificate of service stated that he served the notice of appeal on the Board's counsel and on the County's counsel. The certificate of service did not show service on the Director, the Department, or the Department's counsel. The parties do not dispute that Uminski did not serve the Director, the Department, or the Department's counsel.

II. COUNTY'S MOTION TO DISMISS

The County moved to dismiss the appeal, arguing that superior court lacked jurisdiction because Uminski had not served the Director as required under RCW 51.52.110. In support of the motion to dismiss, the County attached an affidavit from Roxanne Yaconetti, the "correspondence liaison for the Director." Clerk's Papers (CP) at 19. Yaconetti described the normal process for processing appeals from Board decisions. She stated that there was no record of the Director having received a notice of appeal to the superior court in this matter.

Uminski opposed the motion to dismiss. Although he admitted that he had not served the notice of appeal in a manner reasonably calculated to give the Director notice, Uminski argued that the Director had actual notice of the appeal. Uminski asserted that there was proof of actual notice because Assistant Attorney General (AAG) James Johnson "filed the Department's Notice of Non-Participation with Clark County superior Court" and that actual notice to the AAG was sufficient. CP at 22.

In support of his argument, Uminski attached a declaration from Johnson. Johnson stated that he was "an [AAG] assigned to the Labor and Industries Division of the Attorney General's Office [(AGO)]." CP at 23. On June 14, 2018, "the Labor and Industries Division of the [AGO]

received" a copy of the notice of appeal filed by Uminski. CP at 23. Johnson did not explain how the AGO obtained a copy of the notice of appeal.[2]

Johnson further stated,

The Department does not appear and participate in all superior court appeals involving self-insured employers. Therefore, that same day, June 14, 2018, AGO staff forwarded to me and other attorneys copies of [notice of appeal] so we could decide whether the Department of Labor and Industries would actively participate in the case. By June 15, 2018, we had decided not to participate.

CP at 23-24. Johnson commented, "The decision not to participate meant that I was the attorney of record assigned to the appeal, and would file a notice of non-participation, as I later did." CP at 24.

The County responded that Uminski had not established substantial compliance with the service requirement under RCW 51.52.110 because substantial compliance requires an actual attempt to comply with the service requirement, not just the incidental actual notice that occurred here. The County also asserted that notice to an AAG was not the same as the Director receiving notice.

The superior court denied the County's motion to dismiss:

Well, the issue is whether I have jurisdiction because of the substantial compliance because that term is used in various cases, including *Black vs. Labor & Industries*[,131 Wn.2d 547, 555, 933 P.2d 1025 (1997)]. It's not whether there's any prejudice. Apparently, it's not a standing issue. It's basically a subject matter jurisdiction issue because the person raising it did receive notice within the time limits and everybody else received it. So, it's just a question of whether under these circumstances where the claimant, or the person filing the appeal, didn't serve the documents, but the documents got over to the attorneys that were in the position to make the decision, whether that constitutes substantial compliance for jurisdictional purposes under *Black*. I find that it does; I deny the Motion to Dismiss.

---

[2] At the hearing on the motion to dismiss, the County asserted that the Board had forwarded a copy of the notice of appeal to the AGO.

RP at 5; CP at 36.

The County sought discretionary review. We granted review.

ANALYSIS

The County argues that the superior court erred in denying the motion to dismiss because Uminski failed to demonstrate that he served the Director as required by RCW 51.52.110. Because the record does not contain any evidence that the Director had actual notice of the appeal, we hold that Uminski has not established substantial compliance with the service requirement, and therefore, the trial court erred in denying the County's motion to dismiss.

## I. LEGAL PRINCIPLES

When reviewing a Board decision, the superior court acts in its limited appellate capacity. *Fay v. Nw. Airlines, Inc.*, 115 Wn.2d 194, 197, 796 P.2d 412 (1990). Thus, the appealing party must comply with RCW 51.52.110 for the superior court to have jurisdiction over an appeal from a Board decision. *Fay*, 115 Wn.2d at 198. "Whether a court has subject matter jurisdiction is a question of law reviewed de novo." *Dougherty v. Dep't of Labor & Indus.*, 150 Wn.2d 310, 314, 76 P.3d 1183 (2003) (citing *Crosby v. Spokane County*, 137 Wn.2d 296, 301, 971 P.2d 32 (1999).

Under RCW 51.52.110, the party appealing the Board's decision must file his or her notice of appeal with the clerk of the court and serve the Director, the Board, and the self-insured party within 30 days of a final order or notice of the final order. Generally, if the appealing party fails to timely serve the Director, dismissal of the appeal is required. *See Krawiec v. Red Dot Corp.*, 189 Wn. App. 234, 239, 354 P.3d 854 (2015).

But "the modern preference of courts [is] to interpret their procedural rules to allow creditable appeals to be addressed on the merits absent serious prejudice to other parties."[3] *Graham Thrift Grp., Inc. v. Pierce Cty.*, 75 Wn. App. 263, 268, 877 P.2d 228 (1994). Thus, "[s]ubstantial compliance with the terms of RCW 51.52.110 is . . . sufficient to invoke the superior court's appellate jurisdiction." *Hernandez v. Dep't of Labor & Indus.*, 107 Wn. App. 190, 195, 26 P.3d 977 (2001) (citing *In re Saltis*, 94 Wn.2d 889, 895-96, 621 P.2d 716 (1980)).

"'Substantial compliance is generally defined as actual compliance with the substance essential to every reasonable objective of a statute.'" *Krawiec*, 189 Wn. App. at 241 (quoting *Hernandez*, 107 Wn. App. at 196 (internal quotation marks omitted). The objective of RCW 51.52.110's service requirement "is a practical one meant to insure that interested parties receive actual notice of appeals of Board decisions." *Saltis*, 94 Wn.2d at 895.

Substantial compliance with RCW 51.52.110 occurs when "(1) the [D]irector received actual notice of appeal to the superior court; or (2) the notice of appeal was served in a manner reasonably calculated to give notice to the [D]irector." *Saltis*, 94 Wn.2d at 896. Our Supreme Court has also held that service on the AAG assigned to represent the Department in the matter being

---

[3] Citing *Graham Thrift Group*, Uminski appears to contend that the superior court had jurisdiction despite the defect in service because the lack of service was not prejudicial to the Department. But *Graham Thrift Group* merely recognizes that "the modern preference of courts to interpret their procedural rules to allow creditable appeals to be addressed on the merits absent serious prejudice to other parties." 75 Wn. App. at 268. RCW 51.52.110 is not, however, a court's procedural rule, nor does *Graham Thrift Group* stand for the proposition that failure to comply or substantially comply with a jurisdictional service requirement is irrelevant as long as a party is not prejudiced by lack of service. The substantial compliance doctrine itself is an acknowledgment of the modern preference of allowing appeals to proceed despite service issues—the preference does not, however, require that the courts entirely ignore statutory service requirements. *Black*, 131 Wn.2d at 552-53.

appealed "is reasonably calculated to give notice to the interested party." *Black*, 131 Wn.2d at 555 (following *Vasquez v. Dept. of Labor & Indus.*, 44 Wn. App. 379, 722 P.2d 854 (1986)).

## II. NO PROOF OF THE DIRECTOR'S ACTUAL NOTICE

Here, although, under *Black*, service on the AAG might have been sufficient to establish that Uminski served the notice of appeal in a manner reasonably calculated to give notice to the Director, there was no service on the AGO or Johnson, and Uminski does not argue that he served the notice of appeal in a manner reasonably calculated to give notice to the Director. Instead, Uminski argues that he has established that the Department, the real party in interest, had actual notice of the appeal because Department determined that it would not participate in the appeal.

To establish actual notice, there had to be some evidence that the Director, actually received notice of the appeal. At best, the record shows that Johnson, who later became the Department's attorney of record in this matter, had actual notice of the appeal and that he and other attorneys played a role in deciding whether the Department would participate in the appeal.

As noted above, Johnson's declaration stated,

> The Department does not appear and participate in all superior court appeals involving self-insured employers. Therefore, that same day, June 14, 2018, *AGO staff forwarded to me and other attorneys copies of [notice of appeal] so we could decide whether the Department of Labor and Industries would actively participate in the case. By June 15, 2018, we had decided not to participate*.

CP at 23-24 (emphasis added). This statement establishes that Johnson and "other attorneys" were involved in deciding whether the Department would participate. But Johnson does not mention that the Department or Director actually participated in this decision. And there is nothing in the record establishing that the Department or Director are routinely consulted when the decisions about whether to participate in a case are made by the AGO.

It is mere conjecture that any direct communication with the Director about the notice of appeal occurred. Without something in the record affirmatively establishing that the Director participated in the decision, Uminski fails to show that the Director had actual knowledge of the appeal.

We note that Uminski cites no authority establishing that an AAG's knowledge can be imputed to the Director, and we assume there is no such authority. *Hood Canal Sand & Gravel, LLC v. Goldmark*, 195 Wn. App. 284, 296-97, 381 P.3d 95 (2016) (quoting *DeHeer v. Seattle Post-Intelligencer*, 60 Wn.2d 122, 126, 372 P.2d 193 (1962)). And although *Black* is similar to this case in many ways, it is not helpful because it addressed whether the notice of appeal was served in a manner reasonably calculated to give notice to the Director and it does not address whether an AAG's actual notice would alone be sufficient to show that the Director had actual notice.

Because Uminski fails to show that the Director had actual notice of the appeal, we reverse the superior court's denial of the County's motion to dismiss and remand for dismissal of the appeal.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, J.

We concur:

MAXA, J.

LEE, C.J.