FILED
1/30/2023
Court of Appeals
Division I
State of Washington

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| DEREK DIXON,<br><br>        Appellant,<br><br>        v.<br><br>DEPARTMENT OF LABOR AND INDUSTRIES OF THE STATE OF WASHINGTON,<br><br>        Respondent. | No. 83221-2-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

ANDRUS, C.J. — Derek Dixon challenges the dismissal of an administrative appeal based on his failure to serve the Director of the Department of Labor and Industries, as required by RCW 51.52.110. Because Dixon did not properly serve the Department within the time required to perfect his appeal, we affirm.

## FACTS

In July 2011, Derek Dixon slipped and fell while at work. He filed a claim for workers' compensation benefits with the Department of Labor and Industries (the Department) and received time loss compensation until December 2011, when he returned to work. The Department closed his claim in February 2012 without an award for permanent disability. Dixon appealed the claim closure to the Board of Industrial Insurance Appeals (the Board), but the Board denied his petition for review in June 2013. Dixon appealed the Board's ruling to King County

Citations and pin cites are based on the Westlaw online version of the cited material.

Superior Court, at which time the Department agreed to the entry of a stipulation and agreed judgment to remand his claim to the Department with the direction to issue an order finding Dixon temporarily totally disabled under RCW 51.32.090 from December 10, 2011 until February 1, 2012 and affirming the Board's order in all other respects.

In February 2020, Dixon filed an application to reopen his claim, which the Department denied after finding that it was not responsible for his diagnosis of avascular necrosis of the right hip. Dixon appealed this decision to the Board, and, on March 11, 2021, an industrial appeals judge concluded that Dixon failed to present medical evidence to establish that a condition proximately caused or exacerbated by his industrial-injury-related injury in July 2011 worsened or became aggravated between February 2012 and June 2020. The Board denied Dixon's subsequent petition for review and adopted the proposed decision and order on April 6, 2021.

Dixon petitioned for judicial review in King County Superior Court on April 27, 2021. On July 16, 2021, the Department moved to dismiss his appeal, arguing that Dixon had not perfected his appeal by failing to serve the notice of appeal on the Department, as required by RCW 51.52.110. The Department submitted declarations from Roxanne Yaconetti, the Department's communications coordinator for the Office of the Department Director, and Travis Alley, the Washington Assistant Attorney General representing the Department in the matter, to establish that while Dixon had delivered a notice of appeal to the Board, he had not separately served the Department, either by mail or personal service.

In response, Dixon testified that he served "both [the court] and L & I" with his notice of appeal via certified mail and he submitted two certified mail receipts to corroborate his testimony. One receipt showed that he had mailed a copy of his notice to the superior court and the other receipt showed he had mailed a copy of his notice to "L & I Office of Director" at P.O. Box 44001 in Olympia. Kristen Harris, the docketing manager of the Attorney General's Office Labor and Industries Division, testified that the letter Dixon thought he had mailed to the Department's Director was actually received by the Board. The Department argued that service on the Board is not sufficient to constitute service on the Department, as they are independent and separate agencies.

The superior court agreed with the Department, finding that Dixon served the Board on April 30, 2021, but did not serve the Department or the Attorney General's Office, and concluding that Dixon had failed to perfect his appeal as required by RCW 51.52.110. Dixon appeals.

ANALYSIS

Although the only issue on appeal is whether the superior court erred in dismissing Dixon's appeal, Dixon's appellate brief raises a number of issues related to the Department's March 2020 refusal to reopen his disability claim and the Board's subsequent order affirming that decision. But the scope of our review is a narrow one. In an industrial insurance appeal of this nature, we review the decision of the trial court, not the decision of the Board. *Rogers v. Dep't of Labor & Indus.*, 151 Wn. App. 174, 179-81, 210 P.3d 355 (2009). The only decision properly before us is the order dismissing the appeal. We will therefore not revisit the Board's determination on its merits.

- 3 -

Dixon separately argues that "[a]ll parties involved were served copies [of] notices of proceedings." We interpret this argument as a challenge to the superior court's conclusion that he failed to comply with the service requirements of RCW 51.52.110. We reject this contention.

The Industrial Insurance Act is the exclusive remedy for injured workers. *Hernandez v. Dep't of Labor & Indus.*, 107 Wn. App. 190, 195, 26 P.3d 977 (2001). When acting in its appellate capacity, the superior court "is of limited statutory jurisdiction, and a party seeking to properly invoke its jurisdiction must meet all statutory procedural requirements." *Id.* (quoting *Tech. Emps. Ass'n v. Pub. Emp't Rels. Comm'n*, 105 Wn. App. 434, 438, 20 P.3d 472 (2001)).

Whether a superior court may exercise appellate jurisdiction is a question of law we review de novo. *Conom v. Snohomish County*, 155 Wn.2d 154, 157, 118 P.3d 344 (2005). We similarly review the sufficiency of service of process de novo. *Northwick v. Long*, 192 Wn. App. 256, 260, 364 P.3d 1067 (2015). However, when two parties submit controverting affidavits on the adequacy of service, a question of fact is presented. *Woodruff v. Spence*, 76 Wn. App. 207, 210, 883 P.2d 936 (1994). Challenged factual findings are upheld when they are supported by substantial evidence. *In re Estate of Jones*, 152 Wn.2d 1, 8, 93 P.3d 147 (2004).

RCW 51.52.110 provides:

> Within thirty days after a decision of the board to deny the petition or petitions for review . . . [the] person aggrieved by the decision and order of the board may appeal to the superior court.
>
> . . . *Such appeal shall be perfected by filing with the clerk of the court a notice of appeal and by serving a copy thereof by mail, or personally, on the director and on the board*.

(Emphasis added). "The director" refers to the Director of the Department. RCW 51.08.060.

This notice provision ensures that all interested parties receive actual notice of appeals of Board decisions. *In re Saltis*, 94 Wn.2d 889, 895, 621 P.2d 716 (1980). Washington courts have generally "required strict compliance with the terms of the statute to secure superior court jurisdiction." *Fay v. Nw. Airlines, Inc.*, 115 Wn.2d 194, 198, 796 P.2d 412 (1990). In *Saltis*, however, our Supreme Court held that substantial compliance was sufficient to satisfy RCW 51.52.110's requirements if the appealing party establishes "(1) the director received actual notice of appeal to the superior court *or* (2) the notice of appeal was served in a manner reasonably calculated to give notice to the director." *Saltis*, 94 Wn.2d at 896. (Emphasis added).

In *Fay*, the Supreme Court held that the appellant failed to meet this standard where she did not serve the Director or the Department within the 30-day time period. 115 Wn.2d at 199. Similarly, in *Hernandez,* Division Three of this court concluded that the appellant did not substantially comply with RCW 51.52.110 where she timely served the Director of the Department, but made no attempt to serve the Board until after the superior court had dismissed her appeal. 107 Wn. App. at 197. The failure to timely serve either the Director of the Department or the Board is a failure to substantially comply with the statute's service requirements and requires dismissal of the appeal.

In this case, Dixon alleged he had served both the superior court and the Department by certified mail. The superior court found, however, that Dixon had

until May 10, 2021 to serve both the Board and the Department, that he served the Board on April 30, 2021, and that he did not serve the Department by the May 10 deadline.  It concluded from these facts that Dixon had not complied with the service requirements of RCW 51.52.110.

Although disputed evidence regarding the sufficiency of a party's service may create questions of fact for a superior court to resolve, *Saltis*, 94 Wn.2d at 897, the court resolved any disputes in the evidence before it.  Dixon testified that he mailed two letters containing copies of his notice of appeal, one to the superior court and one to an address he believed belonged to the Office of the Director. The court found, however, that the letter Dixon sent to the Department was actually received and acknowledged as service by the Board.  There is substantial evidence in the record supporting this factual finding.

Noncompliance with an appeal procedure does not constitute substantial compliance no matter how inadvertent the noncompliance may be.  *Petta v. Dep't of Labor & Indus.*, 68 Wn. App. 406, 409-10, 842 P.2d 1006 (1992).  Because Dixon did not substantially comply with the service requirements of RCW 51.52.110, he did not perfect his appeal in superior court.  The trial court did not err in dismissing his appeal.

Affirmed.

Andrus, C.J.

WE CONCUR:

Díaz, J.

Dwyer, J.

- 6 -