IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| LORENA KEISLING,<br><br>               Appellant,<br><br>           v.<br><br>RITE AID CORPORATION,<br><br>               Respondent. | No. 83786-9-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

HAZELRIGG, J. — Lorena Keisling appeals the superior court's denial of her motion for reconsideration after dismissal of her petition for review of an order of the Board of Industrial Insurance Appeals (BIIA). The BIIA dismissed Keisling's appeal of the closure of her workers' compensation claim, and her subsequent appeal to the superior court was dismissed for failure to timely serve the parties as required by RCW 51.52.110. Accordingly, the superior court did not have appellate jurisdiction over the action. Keisling moved for reconsideration of the dismissal, which the trial court denied. Finding no error in the denial of the motion for reconsideration, we affirm.

Citations and pinpoint citations are based on the Westlaw online version of the cited material.

FACTS

On April 30, 2014, Lorena Keisling was injured during the course of her employment with Rite Aid. On May 12, 2014, she filed a claim under Washington's Industrial Insurance Act (IIA).[1] Keisling's claim was approved, and she received benefits until the claim was closed on May 18, 2017. In September 2018, Keisling filed an application to reopen her claim for additional medical treatment, but her application was denied by the Department of Labor and Industries (Department). In June 2019, after Keisling had contested the Department's decision, the Department affirmed its denial of her application. Keisling appealed to the BIIA.

In December 2020, at an evidentiary hearing before the BIIA, Keisling presented expert testimony in support of her petition to reopen her claim. After Keisling rested, Rite Aid moved for judgment as a matter of law, arguing she had failed to present a prima facie case that her occupational injury had worsened during the relevant time period. The Industrial Appeals judge granted Rite Aid's motion and issued a "Proposed Decision and Order" on April 20, 2021. Keisling filed a petition for review in response. On May 11, 2021, the BIIA denied her petition and adopted the proposed order.

On June 18, 2021, Keisling filed an appeal in the King County Superior Court, seeking reversal of the BIIA's order and "$16.5 million for pain and loss." On June 28, 2021, Keisling served Rite Aid and BIIA, and on July 1, 2021, she served the Department. After receiving notice of the appeal, Rite Aid filed a motion to dismiss pursuant to CR 12(b)(1), arguing that the superior court lacked subject

---

[1] Title 51 RCW

matter jurisdiction because Keisling had failed to comply with the filing and service requirements of RCW 51.52.110. Specifically, Rite Aid asserted that, to invoke the superior court's jurisdiction over an appeal from a BIIA decision, the appealing party must file and serve the notice of appeal within 30 days of notification of the BIIA's decision.

While the BIIA issued its final order on May 11, 2021, Rite Aid acknowledged the possibility that it was not communicated to Keisling until May 24, 2021. The record from superior court demonstrates that Keisling was aware of the BIIA order denying her petition for review at least by May 24, 2021, as she handwrote that date on a King County Superior Court case assignment area designation and case information sheet which she signed and later provided to the BIIA. Even giving Keisling the benefit of the doubt with regard to when she actually received notice of the BIIA decision, Rite Aid explained, she still failed to serve the parties within the 30-day window. Accordingly, the court granted Rite Aid's motion to dismiss based on a lack of subject matter jurisdiction. On December 1, 2021, Keisling filed a motion for reconsideration, but it was denied. Keisling timely appealed to this court.

ANALYSIS

As a preliminary matter, Keisling's March 7, 2022 notice of appeal to this court only identifies the superior court's denial of her December 2021 motion for reconsideration. It does not include the actual dismissal of her appeal entered on November 19, 2021. Further, she failed to designate the dismissal order for the record on appeal to this court. However, the record that was transmitted on appeal

does include the clerk's minutes from the November 19, 2021 hearing on Rite Aid's motion to dismiss and the transcript of that hearing. The dismissal, and the court's reasoning, are captured in the order denying Keisling's motion for reconsideration.

Keisling's sole assignment of error to this court, however, asserts that the superior court erred when it "closed case No. 21-2-08125-4KNT on November 19, 2021." Rite Aid did not object to the assignment of error as outside the scope of the appeal.[2] Keisling's briefing fails to conform to the Rules of Appellate Procedure in that she does not provide argument, authority, or citations to the record. RAP 10.3(a). Rather, she appears to reiterate the general assertions with regard to the underlying administrative appeal instead of explaining why the superior court erred in denying her motion for reconsideration, or even why its original ruling on dismissal was erroneous. Finally, Keisling attached various documents to her opening and reply briefs, some of which are outside the record designated on appeal. RAP 10.3(a)(8) clearly states "[a]n appendix may not include materials not contained in the record on review without permission from the appellate court." Because such permission was not sought in this appeal, we decline to consider those materials.

We "hold pro se litigants to the same standards as attorneys" as to compliance with the applicable court rules. Winter v. Dep't of Soc. & Health Servs., 12 Wn. App. 2d 815, 844, 460 P.3d 667 (2020). We also interpret our rules liberally "to promote justice and facilitate the decision of cases on the merits." RAP 1.2(a).

---

[2] Rite Aid not only failed to object based on this procedural aspect of the appeal, it submitted a response brief that only addresses the merits of the underlying dismissal by the superior court and fails to engage with the standard of review for a denial of a motion for reconsideration under CR 59.

In the interests of promoting justice, and in the absence of an objection from Rite Aid, we endeavor to answer the question at the heart of Keisling's appeal despite these noted deficiencies, but decide only the matter properly before us.

I.      Denial of Motion for Reconsideration

CR 59 sets out the procedure and standards for motions for reconsideration. We consider a trial court's "denial of a motion for reconsideration for abuse of discretion, that is, discretion manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons." River House Dev., Inc. v. Integrus Architecture, P.S., 167 Wn. App. 221, 231, 272 P.3d 289 (2012). Keisling's December 2021 motion for reconsideration was a form motion completed by hand. In it, Keisling simply asserted "substantial justice has not been done" and, under the section for legal authority, stated "Rule 12(b)(1) or RCW 51.52.110 do not say I have to have a case number." The record suggests that Keisling's motion for reconsideration was decided without argument. The court issued a written ruling with detailed findings regarding the procedural history of the case and denied the motion on the basis that "in her motion, [Keisling] did not provide a basis pursuant to Civil Rule 59 upon which a new hearing could be granted." Keisling provides no argument as to how this ruling was exercised on untenable grounds or for untenable reasons. Finding the court did not abuse its discretion, we affirm.

II.     Invoking the Superior Court's Appellate Jurisdiction under RCW 51.52.110

Although Keisling only appealed the denial of the motion for reconsideration, her sole assignment of error goes to the superior court's dismissal

of her petition for review. Further, Rite Aid's response brief only addressed the propriety of that latter ruling and similarly failed to reach the standards for reconsideration under CR 59. The report of proceedings from the hearing on Rite Aid's motion to dismiss demonstrates that the trial court attempted to explain the statutory requirements to Keisling as it dismissed her appeal. Based on her request for review by this court, it is apparent that further clarification of the relevant law may be beneficial. In the interests of justice and providing a pro se appellant greater understanding of the facts and law applicable to her case, we provide the following explanation of the sole question addressed in briefing.

The substance of Rite Aid's motion to dismiss under CR 12(b)(1) was that the superior court lacked subject matter jurisdiction to hear Keisling's appeal of the denial of her petition for review by the BIIA because she failed to satisfy the service requirements of RCW 51.52.110. The issue of whether a superior court has subject matter jurisdiction is a question of law subject to de novo review. Crosby v. County of Spokane, 137 Wn.2d 296, 301, 971 P.2d 32 (1999).

Through the IIA, our state legislature designated original jurisdiction of cases involving workplace injuries with the Department and appellate jurisdiction with the superior courts. Dougherty v. Dep't of Labor & Indus., 150 Wn.2d 310, 314, 76 P.3d 1183 (2003). While superior courts may review the Department's decisions, the appealing party must comply with the requirements of RCW 51.52.110 in order to invoke the courts' appellate jurisdiction. Id. at 315. "A party invokes the superior court's appellate jurisdiction by filing and serving a notice of appeal on the Director and the BIIA within 30 days of receiving notice of the BIIA's

final decision." Long Painting Co. v. Donkel, 14 Wn. App. 2d 582, 587, 471 P.3d 893 (2020).

> RCW 51.52.110 provides, in relevant part:

> Within thirty days after a decision of the board to deny the petition or petitions for review upon such appeal has been communicated to such worker . . . such worker . . . may appeal to the superior court. If such worker . . . fails to file with the superior court its appeal as provided in this section within said thirty days, the decision of the board to deny the petition or petitions for review or the final decision and order of the board shall become final.

The second paragraph of the statute identifies the perfection process:

> Such appeal shall be perfected by filing with the clerk of the court a notice of appeal and by serving a copy thereof by mail, or personally, on the director and on the board. If the case is one involving a self-insurer, a copy of the notice of appeal shall also be served by mail, or personally, on such self-insurer.

RCW 51.52.110. This perfection provision requires the appealing party to both file and serve notice within the 30-day window. Fay v. Nw. Airlines, Inc., 115 Wn.2d 194, 198, 796 P.2d 412 (1990).

The BIIA issued its final order denying Keisling's petition for review on May 11, 2021. Although Rite Aid received notice of this order on May 14, there is no direct evidence that it was communicated to Keisling by that date. However, on May 24, Keisling filled out a King County Superior Court case area designation and case information sheet, confirming by her signature that she wished to appeal the BIIA decision. The parties appear to agree that Keisling was notified of the BIIA decision by May 24, at the latest.

In order to invoke the superior court's appellate jurisdiction, Keisling had 30 days from May 24 to file the notice of appeal and serve Rite Aid, the BIIA, and the

Director.  She failed to do so.  Although Keisling filed a petition for review with the superior court on June 18, 2021, she did not serve the necessary parties within the 30-day timeframe set out in the statute.  Both Rite Aid and the BIIA were not served until June 28, and the Director of the Department was not served until July 1.  Both of these dates fall outside the statutory timeframe of RCW 51.52.110.

While Keisling did not argue substantial compliance to the superior court or on appeal, Rite Aid does devote a significant portion of its brief to the topic.  Rite Aid is correct that this court's recent decision in Donkel controls this issue.  14 Wn. App. 2d 582.  In Donkel, we addressed whether the doctrine of substantial compliance applied to the 30-day time limit for filing a notice of appeal.  Id. at 588-92.  In that case, Long Painting failed to timely file its notice of appeal, but argued that it had substantially complied with RCW 51.52.110.  Id. at 592.  Relying on Petta v. Dep't of Labor & Indus., we stated in Donkel: "'Noncompliance with a statutory mandate is not substantial compliance.'"  14 Wn. App. 2d at 591 (quoting Petta, 68 Wn. App. 406, 409-10, 842 P.2d 1006 (1992)).  Accordingly, we held that "the doctrine of substantial compliance does not save a party from its failure to comply with statutory time limits."  Id. at 592.

III.    Attorney Fees on Appeal

Prior to submitting its response brief, Rite Aid filed a motion seeking sanctions, including attorney fees, against Keisling based on its assertion that her appeal is frivolous.  A commissioner of this court referred the motion to this panel. This court may, on its discretion, order a party to pay terms to any other party or to pay sanctions to the court upon the determination that the appeal is frivolous.

RAP 18.9(a). "[A]n appeal is frivolous if there are no debatable issues upon which reasonable minds might differ, and it is so totally devoid of merit that there was no reasonable possibility of reversal." Streater v. White, 26 Wn. App. 430, 435, 613 P.2d 187 (1980). Although Keisling did not comply with the RAPs, it is clear from the record and her assignment of error that she believed the superior court erred in dismissing her appeal. She missed the statutory deadline by four days and the report of proceedings from the November 2021 hearing establishes that Keisling believed the court should have given her "leeway." The court acknowledged the complexity of the procedural issue presented, even for attorneys and judges. Further, Rite Aid was able to discern the nature of her challenge, as evidenced by the argument provided in its response brief. While we hold pro se litigants to the same standard as attorneys, we exercise our discretion in this case and decline to deem Keisling's appeal frivolous or award sanctions to Rite Aid.

Affirmed.

WE CONCUR:

Díaz, J.

Bowman, J